■ Frank Barbarita et al., Appellants, v William A. Shilling, Respondent. William A. Shilling, Respondent, v Frank

BARBARITA et al., Appellants. — In an action for specific performance of a contract to sell real property and a summary proceeding to recover possession of that property, Frank Barbarita and Rocco Barbarita appeal from so much of an order of the Supreme Court, Putnam County (Beisheim, J.), entered June 13, 1984, as granted William A. Shilling's motion for $700 per month rental for the use and occupation of the subject premises.

Order reversed, insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith.

William A. Shilling owns a tract of land upon which Frank and Rocco Barbarita currently operate a real estate office. Commencing in 1965, the relationship between the parties was governed by a variety of lease agreements, the last of which allegedly was to expire on November 30, 1981. On June 2, 1981, the parties entered into a contract of sale whereby the Barbaritas were to purchase the property from Shilling. Title has not yet passed and the Barbaritas seek specific performance of the contract, which was contingent upon Shilling obtaining marketable title. Shilling, who contends that he has been unable to obtain marketable title, subsequently commenced a summary proceeding to obtain possession of the property. Upon the Barbaritas' motion, the summary proceeding was transferred to the Supreme Court and a joint trial was ordered. Shilling then obtained an order directing the Barbaritas to pay him $700 a month for the use and occupancy of the property pendente lite. The Barbaritas appeal.

It is well settled that the legal owner of real property is not entitled to an award for use and occupancy from a contract vendee in possession unless there also exists a landlord-tenant relationship between the parties (*see, 14 Second Ave. Realty Corp. v Steven Corp.,* 16 AD2d 751, *affd* 12 NY2d 919) or the situation falls within the ambit of RPAPL 713 (9) (*cf. Orange County Dev. Corp. v Perez,* 67 Misc 2d 980; *Farber Hempstead Corp. v Buckley,* 65 Misc 2d 237). Because the contract of sale was not one which was necessarily to be performed within 90 days, subdivision (9), by its own terms, is inapplicable. Hence, Shilling's claim for use and occupancy is grounded on the theory that the Barbaritas are tenants as well as contract vendees in possession.

Although the two relationships are not mutually exclusive, the general rule is that execution of a contract of sale between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former, unless the parties clearly intend

the contrary result (*compare, Bullock v Cutting,* 144 App Div 825, with *Bostwick v Frankfield,* 74 NY 207, and *Farber Hempstead Corp. v Buckley, supra).*

An intention to deviate from the general rule and to avoid a merger may be directly expressed in the agreement or may be inferred from a medley of factors such as the terms of the agreement, the circumstances of its making, and the subsequent behavior of the parties (*see generally, Rae Co. v Courtney,* 250 NY 271; 2 Rasch, NY Landlord and Tenant § 690 [2d ed]). In the instant case, the contract is ambiguous on this point and the contradictory factual claims contained in the various affidavits and affirmations submitted on the motion do not provide an adequate basis for determining the actual intent of the parties. Hence, there must be a remand for further factual inquiry. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.