■ MICHAEL HADLICK, JR., Appellant, v ROBERT DiGIANTOMMASO et al, Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Hickman, J.), dated March 8, 1988, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Orange County, for a hearing to determine the amount owed to the defendants under a lease between the parties.

On November 30, 1978, the parties entered into a written agreement whereby the defendant, Robert DiGiantommaso, was to sell the plaintiff certain real property in the Town of Deerpark, Orange County. The contract provided, among other things, that the purchase price of $12,500 was to be paid by a $500 deposit, followed by monthly installments of $148.79 over 10 years at an annual interest rate of 8.5%. The contract

further required that the plaintiff vendee was to pay the real estate taxes and insurance costs on the premises. In addition, the parties "MUTUALLY AGREED * * * that until the delivery of the deed * * * payments * * * shall be regarded as rent, and the relationship between the parties shall be that of landlord and tenant, and the Purchaser hereby agrees that he shall stand in relationship to the Seller as his tenant". In the event of a default in payments prior to the delivery of the deed, "or upon the default of the Purchaser in any of the terms and conditions" of the agreement, the seller was "authorized to maintain summary proceedings for the removal of the Purchaser" from the premises, "with the same force and effect as for the non-payment of rent in the usual landlord-tenant relationship". Thereafter, the seller would be "deemed released and discharged from any claim or obligation of any kind" under the agreement, "and the moneys paid by the Purchaser shall be deemed rent for the use and occupation of said premises".

The plaintiff concededly never paid the property taxes or obtained the requisite insurance coverage, and within a few months of taking possession of the premises, he defaulted on his monthly payments. The Department of Social Services of Orange County thereafter paid the plaintiff's monthly charges, from April 1979 until October 1984. After the parties agreed upon a "rent" increase to $175 a month in January 1981, the Department of Social Services of Orange County covered these payments as well.

In 1985 the plaintiff undertook to pay his own rent, but when the defendants endeavored to raise the charges to $225 per month, the plaintiff tendered checks designated "mortgage payments" in the amount of $148.79, which the defendants declined to cash. Subsequently the plaintiff stopped paying rent altogether, and the defendants commenced summary proceedings to recover possession of the property. The plaintiff thereafter sued for specific performance of the contract of sale. The defendants' motion for summary judgment was granted, and the plaintiff's cross motion for summary judgment was denied.

There is no merit to the plaintiff's contentions on appeal that he is the equitable owner of the property at issue and therefore entitled to summary judgment, or that the defendants' motion for summary judgment should have been denied because of purported questions of fact regarding the intention of the parties when they entered into the written agreement dated November 30, 1978.

Although "the general rule is that execution of a contract of sale between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former," the parties may "deviate from the general rule and * * * avoid a merger" by an express declaration in the agreement to this effect *(Barbarita v Shilling,* 111 AD2d 200, 201-202). In the instant case, the agreement at issue unambiguously declares the parties' intention to preserve the landlord-tenant relationship until delivery of the deed, and to deem any defaults in monthly payments to be "non-payment of rent in the usual landlord-tenant relationship". Moreover, the intention of the parties to rescind the contract of sale and to establish a month-to-month tenancy is clearly evidenced by their behavior in agreeing to an increase in "rent" in January 1981 while the defendants paid all taxes and insurance costs. In such circumstances, where the "vendee" has failed to honor the contract, paid neither taxes nor insurance premiums, and was in frequent default of his monthly payments, he did not become an equitable owner of the property. Thus, the complaint was properly dismissed *(cf., Bean v Walker,* 95 AD2d 70).

No ambiguity attends either the wording of the contract or the intention of the parties such that a trial would be required to clarify the mere " 'shadowy semblance of an issue' " raised by the plaintiff regarding the parties' intention *(Di Sabato v Soffes,* 9 AD2d 297, 300); nor has there been any showing that the plaintiff was in any way prejudiced by his lack of representation by counsel in entering into the lease-sale agreement.

The matter must be remitted to the Supreme Court, Orange County, for a hearing on the defendants' counterclaim for arrears in rent. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.