■ LARRY A. SIM, Appellant, v BONNIE J. SIM, Respondent. [669 NYS2d 689] —Carpinello, J. Appeal from an order of the Supreme Court (Caruso, J.), entered November 8, 1996 in Schenectady County, which granted defendant's motion for, *inter alia*, counsel fees.

The parties' matrimonial action was previously before this Court (241 AD2d 660). At issue on this appeal is the propriety of Supreme Court's award of counsel fees to defendant. Of the appellate contentions advanced by plaintiff, only one—that Supreme Court failed to set forth the factors it considered in making its determination—survives an in-court stipulation between counsel for the parties (*see*, CPLR 2104). Indeed, "[b]y stipulation, the parties may shape the facts to be determined at trial and thus circumscribe the relevant issues for the court to the exclusion of disputed matters that otherwise would be available to the parties" (*Deitsch Textiles v New York Prop. Ins. Underwriting Assn.*, 62 NY2d 999, 1002).

During plaintiff's testimony at the hearing, it was revealed that his most recent statement of net worth failed to account for the receipt of $66,600 in lump-sum workers' compensation and Social Security payments, that $47,000 of these funds had been deposited in his lawyer's bank account (the remainder, according to plaintiff, was put in a trust fund for his children) and that other figures on the statement, including his total monthly income which was underestimated by $400, were inaccurate. While plaintiff was being examined concerning the status of the previously undisclosed lump-sum payments, Supreme Court directed a recess with counsel in chambers, an adjournment obviously in plaintiff's best interest. Following this recess, each side agreed in open court "to bring this case to a conclusion" with the express understanding that defendant "would rest based on the testimony that's been placed in the record so far" and that her request for legal fees would be recalculated to correct mathematical errors on the legal bill previously admitted into evidence.

At this time, plaintiff's counsel stated that *"the plaintiff will*

*also rest in this matter"* (emphasis supplied) and asked Supreme Court to consider the reasonableness of the fees charged and the ability of plaintiff to pay same in making its determination. He further stated, "[A]s I understand it, based on this, *no more proof will be offered or submitted or taken into evidence"* (emphasis supplied).

In light of this open-court stipulation (*see,* CPLR 2104), plaintiff's contention on appeal that Supreme Court improvidently exercised its discretion in ordering him to pay counsel fees "without conducting a full hearing on the issue" or "allowing [him] to present his evidence" is not well taken.* Plaintiff charted his own course as to how this controversy would be resolved (*see, Mitchell v New York Hosp.,* 61 NY2d 208, 214; *Matter of Studenroth v Phillips,* 230 AD2d 247, 249-250), his counsel expressly agreeing to permit the court to make a determination based *only* on the evidence in the record prior to the court's recess. Plaintiff's present argument that the court erred in failing to conduct a "full" evidentiary hearing is patently disingenuous. Similarly, plaintiff may not argue for the first time on appeal that the issue of counsel fees should have been resolved prior to judgment, no such argument having been raised before Supreme Court and defendant having adequately preserved her right to a counsel fee hearing in prior proceedings in this action. Furthermore, by entering into the stipulation without objecting to the timeliness of the counsel fee hearing, we find this objection to have been waived (*see generally, Adinolfi v Adinolfi,* 168 AD2d 401, 402; *Rosenberg v Rosenberg,* 155 AD2d 428, 431-432).

Finally, we reject plaintiff's argument that Supreme Court failed to adequately explain the basis for its award of counsel fees in its oral decision and subsequent written order. Nor do we find that the court abused its discretion in awarding the fees, considering the demonstrated reasonableness of the time spent on this matter by defendant's counsel (*see, De Cabrera v Cabrera-Rosete,* 70 NY2d 879, 881) and plaintiff's "demonstrated efforts to obscure his true financial condition" (*Fischman v Fischman,* 209 AD2d 916).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Plaintiff argues on appeal that "testimony was incomplete and was not subject to cross-examination", that "defendant did not take the stand" and that "[n]either parties' statement of net worth was admitted into evidence", arguments which are foreclosed by his own counsel's stipulation.