■ MICHAEL J. FULGENZI, Doing Business as MJF ENTERPRISES, Respondent-Appellant, v RALPH RINK, Appellant-Respondent. [678 NYS2d 360] —In an action, *inter alia*, to recover on a promissory note and to recover rent under a lease for a certain parking lot, in which the defendant counterclaimed for a judgment declaring the rights of the parties to that parking lot, (1) the defendant appeals from stated portions of a judgment of the Supreme Court, Westchester County (Coppola, J.), entered April 29, 1997, which, *inter alia*, after a nonjury trial,

(a) awarded the plaintiff damages under the promissory note in the principal amount of $37,500 and (b) did not direct the plaintiff to transfer title to the parking lot to him, and (2) the plaintiff cross-appeals from stated portions of the same judgment which, *inter alia*, denied his application for an award of attorney's fees and for rent due under the lease of the parking lot.

Ordered that the judgment is modified, on the facts, by adding thereto a provision declaring that the defendant is a vendee in possession of the property set forth under the option to purchase in the lease dated April 7, 1983; as so modified, the judgment is affirmed, with costs to the plaintiff; and it is further,

Ordered that the plaintiff, within 30 days after service upon him by the defendant of a copy of this decision and order with notice of entry together with the defendant's payment of $18,800, less any liens and encumbrances, shall deliver to the defendant the deed transferring good and marketable title to the parking lot to the defendant.

In April 1983, the plaintiff sold a restaurant to the defendant who executed a promissory note in favor of the plaintiff in the amount of $85,000. At the same time, the parties entered into a lease for a parking lot near the restaurant, with the plaintiff giving the defendant an option to buy the lot. In March 1996, the plaintiff commenced the instant action seeking money owed under the promissory note and back rent under the lease.

The defendant has conceded in his brief that the action was not barred as to at least some of the payments due under the note. Thus, it is clear that the action on the promissory note was timely commenced within the six-year Statute of Limitations period generally applicable to actions upon a note (*see,* CPLR 213 [4]) and the only question to be determined is the amount due the plaintiff (*see generally, Phoenix Acquisition Corp. v Campcore, Inc.,* 81 NY2d 138, 141; *see also, Pagano v Smith,* 201 AD2d 632, 633; *cf., Khoury v Alger,* 174 AD2d 918).

The evidence introduced by the defendant for the limited purpose of determining the amount he still owed on the note, i.e., a certain stipulation between the parties hereto, was sufficient to support the Supreme Court's determination that the defendant owed the plaintiff $37,500, as set forth in the judgment appealed from. The defendant having charted his own course in this instance, cannot now complain of the determination in this regard (*see generally, Town of Orangetown v Magee,* 88 NY2d 41; *John Eric Jacoby, M.D., P. C. v Loper Assocs.,* 249 AD2d 277; *Sim v Sim,* 248 AD2d 781).

The Supreme Court properly denied the plaintiff's application for back rent under the lease. It is well settled that the legal owner of real property is not entitled to an award for use and occupancy from a contract vendee in possession unless there also exists a landlord-tenant relationship between the parties (*see, Barbarita v Shilling,* 111 AD2d 200, 201; *14 Second Ave. Realty Corp. v Steven Corp.,* 16 AD2d 751, *affd* 12 NY2d 919). Under the circumstances in this case, at the time the defendant exercised his option to purchase the property under the lease and became a vendee in possession, the landlord-tenant relationship terminated and, thus, the plaintiff was not entitled to back rent (*see, Barbarita v Shilling, supra,* at 201; *14 Second Ave. Realty Corp. v Steven Corp., supra*).

However, the Supreme Court should have included a declaration in the judgment that the defendant was a vendee in possession of the property as set forth under the option to purchase in the parties' lease and should have directed that the plaintiff deliver a deed, transferring good and marketable title, to the defendant upon payment of $18,800 as set forth in the option to purchase provision of the lease (*see,* RPAPL 1521 [1]; *Keller v Village of Castleton-on-Hudson,* 173 AD2d 979; *see also, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901).

The parties' remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.