■ In the Matter of KAREN WULF, Individually and as Sole Shareholder of ONTARIO CYCLE CENTER, INC., Appellant, v ROBERT COLF et al., Respondents. [730 NYS2d 644] —Order unanimously reversed on the law without costs and amended judgment reinstated. Memorandum: County Court erred in vacating the amended judgment of City Court for lack of subject matter jurisdiction. Petitioner commenced this summary proceeding in City Court pursuant to RPAPL 711 (2) seeking a warrant of eviction and a money judgment for rent due under the parties' operating agreement. Petitioner is the owner of premises where she operated a business selling motorcycles and small watercraft. In anticipation of the sale of the business to respondents, the parties executed an asset purchase agreement for the sale of the business assets and an operating agreement under which respondents assumed immediate operation of the business pending closing of the asset purchase agreement. Upon the closing of the asset purchase agreement, the parties were to execute a lease agreement, giving respondents a one-year option to purchase the premises. When the asset purchase agreement failed to close, petitioner commenced this proceeding. After a nonjury trial, City Court awarded petitioner judgment in the amount of $38,608.36 and immediate possession of the premises.

We conclude that City Court had subject matter jurisdiction pursuant to RPAPL 711, which permits a summary proceeding to recover possession of real property "where [a] landlord-tenant relationship exists." Contrary to County Court's determination, the landlord-tenant relationship created by the operating agreement did not merge in the vendor-vendee relationship created by the asset purchase agreement. Under the merger doctrine, "execution of a contract of sale [for real property] between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former, unless the parties clearly intend the contrary result" (Barbarita v Shilling, 111 AD2d 200, 201-202). Here, the only vendor-vendee relationship existing between the parties concerned the sale of the business assets and thus the landlord-tenant relationship was not terminated (cf., Fulgenzi v Rink, 253 AD2d 846, 848). We further conclude that the record supports City Court's determination that respondents' obligation to pay rent under the

operating agreement was not excused. (Appeal from Order of Ontario County Court, Harvey, J.—RPAPL.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.