■ ILIAS LELEKAKIS, Respondent-Appellant, v STANLEY KAMAMIS et al., Appellants-Respondents. [839 NYS2d 773]—

In an action, inter alia, for specific performance of an option to purchase certain real property dated September 27, 1990, the defendants appeal from so much of a judgment of the Supreme Court, Queens County (Risi, J.), entered August 15, 2005, as, after a nonjury trial, and upon the denial of that branch the plaintiff's oral motion which was for judgment as a matter of law dismissing so much of the defendants' counterclaim as was to recover use and occupancy accruing subsequent to August 27, 2001, and upon a decision of the same court dated June 21, 2005, is in favor of the plaintiff and against the defendant Stanley Kamamis in the principal sum of $303,000, and is in favor of the plaintiff and against the defendants dismissing so much of their counterclaim as was to recover use and occupancy for the period beginning September 27, 1990, up to and including August 27, 2001, and severing so much of their counterclaim as was to recover use and occupancy accruing subsequent to August 27, 2001, and the plaintiff cross-appeals from so much of the same judgment as is in favor of the defendants and against him dismissing the cause of action for specific performance.

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof dismissing so much of the defendants' counterclaim as was to recover use and occupancy for the period beginning September 27, 1990, up to and including August 27, 2001, and severing so much of the defendants' counterclaim as was to recover use and occupancy accruing subsequent to August 27, 2001, and substituting therefor a provision in favor of the defendants on their counterclaim for use and occupancy for the period in which the plaintiff occupied the subject premises, beginning September 27, 1990, up to and including August 15, 2005; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County,

for a trial to determine the amount of use and occupancy that is owed to the defendants, and for the entry of an amended judgment thereafter in accordance herewith.

The defendants are the owners, as tenants by the entirety, of certain real property located in Douglaston (hereinafter the property). "The general rule is that where property is held by husband and wife as tenants by the entirety, an agreement of sale signed by only one spouse is ineffective to convey title" (*Jill Real Estate v Smyles*, 150 AD2d 640, 642 [1989]), unless it is shown, inter alia, that the nonsigning spouse had complete knowledge of and actively participated in the transaction, or that he or she ratified the purchase option after the fact (*see Stojowski v D'Sa*, 28 AD3d 645, 646 [2006]; *see Pescatore v Manniello*, 19 AD3d 571, 572-573 [2005]), or that one spouse "was authorized in writing to act as his [or her spouse's] agent in this matter" (*Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d 467, 468 [1995]; *see* General Obligations Law § 5-703 [2]). As it is undisputed that the defendant Olga Kamamis did not sign the option agreement at issue, and that the plaintiff failed to show that any of the relevant exceptions to the rule apply, the Supreme Court properly found the agreement unenforceable and dismissed the cause of action for specific performance. Nor does partial specific performance lie against the defendant Stanley Kamamis, despite the Supreme Court's finding that his signature on the option agreement was not forged, because, in a tenancy by the entirety, "involuntary partition is not available" (*V.R.W., Inc. v Klein*, 68 NY2d 560, 563-564 [1986]; *cf. SJSJ Southold Realty, LLC v Fraser*, 33 AD3d 784, 785 [2006]).

Contrary to the defendants' contention, the Supreme Court's finding that the signature of the defendant Stanley Kamamis on the option agreement was not forged was not against the weight of the evidence. "As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses" (*779 E. N.Y. Ave. Assoc., LLC v Gurary*, 31 AD3d 627, 628 [2006] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). "The credibility of the witnesses, the reconciliation of conflicting statements, a determination of which should be accepted and which rejected, the truthfulness and accuracy of the testimony, whether contradictory or not, [are] issues for the trier of the facts" (*Healy v Williams*, 30 AD3d 466, 468 [2006] [internal quotation marks omit-

ted]). The trial court was not required to credit the testimony of the plaintiff's handwriting expert and, apparently, did not (*see Felt v Olson*, 51 NY2d 977, 979 [1980]; *Matter of James*, 17 AD3d 366, 367 [2005]; *Matter of Marocchi*, 117 AD2d 670 [1986]). This case, in which there was no concrete evidence except the option agreement, was almost exclusively a matter of determining the relative credibility of the parties. On this record, there is no basis to disturb the trial court's determination that the signature was not forged.

Likewise, there is no merit to the plaintiff's contention that the trial court erred in concluding that the plaintiff was not entitled to damages for the improvements he made to the property. Where a vendor is unable to perform by reason of a defect in his title, "without the aid of fraud or bad faith, nothing can be recovered for improvements made or for the increased value of the premises produced by them" (*Walton v Meeks*, 120 NY 79, 83 [1890]; *see Sirles v Harvey*, 256 AD2d 1227, 1229 [1998]; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565, 568-569 [1998]; *Story v Wood*, 166 AD2d 124, 128 [1991]). Because, contrary to the plaintiff's assertion, there is no evidence of fraud or bad faith on the part of the defendants, the plaintiff may not recover for the improvements he made on the property, however extensive they were.

On the other hand, the plaintiff was entitled to the "purchase-money paid" (*Walton v Meeks, supra* at 82-83), since, unlike improvements, such is not considered damages for loss of the bargain. However, the defendants are correct that the Supreme Court should not have dismissed any part of the counterclaim to recover use and occupancy, but, rather, should have determined the total amount due for the entire period in which the plaintiff occupied the property, and deducted that amount from the amount awarded to the plaintiff. While "the general rule is that execution of a contract of sale between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former" (*Barbarita v Shilling*, 111 AD2d 200, 201 [1985]; *see Hadlick v DiGiantommaso*, 154 AD2d 338, 340 [1989]), here the parties were never in a vendor-vendee relationship, because the option to purchase was never effectively exercised (*cf. Fulgenzi v Rink*, 253 AD2d 846 [1998]). Thus, we remit the matter to the Supreme Court for a trial to determine the amount of use and occupancy owed by the plaintiff to the defendants, and for the entry of an amended judgment thereafter, to be calculated by deducting the sum awarded to the defendants for use and occupancy from the principal sum awarded to the plaintiff.

Finally, we agree with the defendants that the Supreme Court improvidently exercised its discretion in severing the portion of the counterclaim which was to recover use and occupancy accruing subsequent to August 27, 2001. The Supreme Court sua sponte severed that portion of the counterclaim pursuant to CPLR 603, which provides that severance may be ordered "[i]n furtherance of convenience." "The determination to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the [moving] party" (*Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]; *see Mothersil v Town Sports Intl.*, 24 AD3d 424, 425 [2005]; *McCrimmon v County of Nassau*, 302 AD2d 372 [2003]). However, the Court of Appeals has advised that "[a]lthough it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly" (*Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]). Severance should not be ordered where "[t]here are common factual and [legal] issues involved in the claims . . . , and the interests of judicial economy and consistency will be served by having a single trial" (*Ingoglia v Leshaj*, 1 AD3d 482, 485 [2003]; *see Vierya v Briggs & Stratton Corp.*, 184 AD2d 766, 767 [1992]). Under the circumstances, in which the entire amount of reasonable use and occupancy will partially offset the sum of $303,000 awarded to the plaintiff, severance would serve neither the interests of judicial economy, nor the convenience of the parties. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.