READS Co., LLC, Appellant, v ROBIN KATZ, Respondent. [900 NYS2d 131]—

In an action to recover damages for breach of a separation agreement and a so-ordered stipulation, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered May 1, 2009, as denied that branch of its motion which was for summary judgment on the complaint and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant (hereinafter the wife) married Adam Katz

(hereinafter the husband), the only member of Reads Co., LLC, the plaintiff herein, on February 19, 1989. They resided in a house wholly owned by the plaintiff. In August 2004, the husband commenced an action for a divorce and ancillary relief. On October 12, 2005, the parties entered into a separation agreement pursuant to which, inter alia, the wife would have exclusive occupancy of the marital residence for a period of 18 months or until the husband was able to provide a replacement residence for her, whichever occurred first.

In September 2006 the husband purchased a parcel of property which he offered to the wife as a replacement residence. At a preliminary conference held on September 28, 2006, the parties executed a so-ordered stipulation whereby the wife agreed to vacate the marital residence on or before November 10, 2006, provided that there were no problems with the replacement residence. However, the wife did not vacate the marital residence until December 19, 2006.

In May 2007 the husband assigned his rights in the stipulation to the plaintiff, and the plaintiff commenced this action to recover damages for breach of the separation agreement and the stipulation. The plaintiff alleged that it incurred damages because the wife did not vacate the marital residence in a timely manner, which prevented it from selling the property. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint and granted that branch of the wife's cross motion which was which for summary judgment dismissing the complaint. The plaintiff appeals.

The plaintiff failed to establish, prima facie, that the wife violated the terms of the separation agreement and the stipulation. The language in the stipulation did not constitute a clear and unequivocal mandate directing the wife to vacate the marital residence on or before November 10, 2006. The stipulation predicated her obligation to vacate the residence upon the husband's resolution of problems with the replacement residence, and he failed to demonstrate that he discharged this obligation. Moreover, the plaintiff did not present evidence demonstrating that the wife unreasonably interfered with the ability of the husband's real estate broker to show the marital residence to prospective buyers. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint.

In support of her cross motion, the wife established, prima facie, that the plaintiff is not entitled to recover the damages alleged in the complaint, namely, damages for use and occupancy,

lost sales opportunities, and diminution of value, or punitive damages and attorneys' fees. The legal owner of real property is not entitled to an award for use and occupancy unless there also exists a landlord-tenant relationship between the parties (*see Fulgenzi v Rink*, 253 AD2d 846, 848 [1998]; *Mendoza v Rodriguez*, 127 AD2d 635, 636 [1987]; *Jacobs v Andolina*, 123 AD2d 835, 836 [1986]; *Barbarita v Shilling*, 111 AD2d 200, 201 [1985]; *Castle v Armstead*, 168 App Div 466, 469 [1915], *affd* 219 NY 615 [1916]). The wife demonstrated that no such relationship existed here between her and the plaintiff and, in opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, in an action to recover damages for breach of contract, the nonbreaching party may recover "general," consequential contract damages which are the natural and probable consequence of the breach (*Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989]; *see Atkins Nutritionals v Ernst & Young*, 301 AD2d 547, 549 [2003]). In order to recover "special" or extraordinary contract damages that do not flow directly from the breach, however, a plaintiff is required to plead that the damages were foreseeable and within the contemplation of the parties at the time the contract was made (*American List Corp. v U.S. News & World Report*, 75 NY2d 38, 43-44 [1989]; *see Kenford Co. v County of Erie*, 73 NY2d at 319; *Atkins Nutritionals v Ernst & Young*, 301 AD2d at 547, 549). "A party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into" and are capable of measurement with reasonable certainty (*Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]). Here, the plaintiff is seeking to recover damages for lost sale opportunities and diminution in value. Consequently, such damages must have been contemplated by the husband and wife when they entered into the separation agreement and the stipulation. The wife demonstrated that such damages were not contemplated. In addition, the plaintiff failed to plead that damages for lost sale opportunities and diminution in value were within the contemplation of the parties (*see Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755 [2009]; *Atkins Nutritionals v Ernst & Young*, 301 AD2d at 549). Accordingly, the wife established, prima facie, that the plaintiff may not recover damages for lost sales opportunities and diminution in value and, in opposition, the plaintiff failed to raise a triable issue of fact.

"[P]unitive damages are not recoverable in an ordinary breach of contract case, as their purpose is not to remedy private wrongs but to vindicate public rights" (*Tartaro v Allstate Indem. Co.*, 56 AD3d 758, 758 [2008]). "Punitive damages are only re-

coverable where the breach of contract also involves a fraud evincing a high degree of moral turpitude, and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, and where the conduct was aimed at the public generally" (*id.*; *see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315-316 [1995]; *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 612 [1994]). Moreover, punitive damages are available where the conduct associated with the breach of contract is first actionable as an independent tort for which compensatory damages are ordinarily available, and is sufficiently egregious to warrant the additional imposition of exemplary damages (*see Tartaro v Allstate Indem. Co.*, 56 AD3d at 758-759). Here, the wife demonstrated that her conduct was not egregious, did not involve fraud evincing a high degree of moral turpitude, was not actionable as an independent tort, and was not aimed at the public generally. In opposition to the wife's prima facie showing, the plaintiff failed to raise a triable issue of fact.

The wife also demonstrated, prima facie, that the plaintiff is not entitled to an award of an attorney's fee as a third-party beneficiary of the separation agreement because the separation agreement was not entered into in order to benefit the plaintiff (*see World Trade Knitting Mills v Lido Knitting Mills*, 154 AD2d 99, 103-104 [1990]). The plaintiff failed to raise a triable issue of fact in opposition.

Accordingly, the Supreme Court properly awarded the wife summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.