OPINION OF THE COURT
Francois A. Rivera, J.
By notice of motion filed on February 10, 2011, defendant Allstate Insurance Company moves under motion sequence one for an order dismissing plaintiffs second and third causes of action pursuant to CPLR 3211 (a) (7) because they fail to state a cause of action.[1] Plaintiff opposes the motion.
Background
On or about May 17, 2010, plaintiff filed a summons and verified complaint with the Kings County Clerk’s Office. Defendant has joined issue by answer dated May 28, 2010. A note of issue has not been filed.
Plaintiffs action is for damages caused by defendant’s alleged failure to perform its obligations under a contract for automobile insurance. Defendant has admitted that it is a foreign insurance company licensed to do business in New York State. Plaintiffs complaint alleges 32 allegations of fact in support of three causes of action sounding in breach of contract and bad faith.
The complaint alleges, among other things, the following salient facts. On October 15, 2006, plaintiff obtained automobile insurance coverage for her 2007 Jeep Commander from the de *829 fendant. The insurance contract covered theft and other hazards. Plaintiff paid all premiums when due. In August of 2007, plaintiff’s vehicle was stolen. Plaintiff immediately reported the theft to the police and to the defendant. The defendant informed the plaintiff in three separate letters, the last one dated August 14, 2009, that it was in the process of investigating the loss. The defendant sent a final letter dated September 5, 2009 stating it was in the process of concluding the claim. The defendant did not communicate with the plaintiff thereafter and did not reimburse her for the replacement value of her automobile.
Plaintiff seeks $30,000 in contractual damages for the alleged value of her vehicle, $19,847.75 in consequential damages for the amount of money she expended on car payments while she was unable to use the insured vehicle, $250,000 in punitive damages and the costs and disbursements of prosecuting this action, including but not limited to attorneys’ fees. The claim for punitive damages, the costs and disbursements of prosecuting this action, and attorneys’ fees, were all part of the third cause of action.
Motion Papers
Defendant’s motion papers consist of a notice of motion, an attorney’s affirmation and four exhibits, labeled A through D. Exhibit A is a copy of the plaintiffs summons and verified complaint. Exhibit B is a copy of defendant’s answer. Exhibit C is described as correspondence sent from defendant’s attorney to plaintiffs attorney. Exhibit D consists of a copy of an affidavit of Alfred Munoz, a claim representative employed by the defendant.
Plaintiff has opposed the motion with an affirmation of counsel which was labeled as an “affirmation in reply.” Defendant has replied with an affirmation of its counsel.
Law and Application
CPLR 3211 (a) (7) states, “Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: ... (7) the pleading fails to state a cause of action.” “On a CPLR 3211 motion to dismiss, the court will ‘accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Nonnon v City of *830 New York, 9 NY3d 825, 827 [2007], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
The Appellate Division, Second Department, reasoned in Sokol v Leader (74 AD3d 1180 [2010]), that
“on a motion made pursuant to CPLR 3211 (a) (7) [to dismiss a complaint], the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party. ‘CPLR 3211 allows [a] plaintiff to submit affidavits, but it does not oblige him [or her] to do so on penalty of dismissal.’ Unless the motion is converted into one for summary judgment pursuant to CPLR 3211 (c), ‘affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint,’ and such affidavits ‘are not to be examined for the purpose of determining whether there is evidentiary support for the pleading.’ Thus, a plaintiff ‘will not be penalized because he has not made an evidentiary showing in support of his complaint.’ ” (Id. at 1181 [citations omitted].)
The Court in Sokol further reasoned that
“[a] court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]). If the court considers evidentiary material, the criterion then becomes ‘whether the proponent of the pleading has a cause of action, not whether he has stated one.’ Yet, affidavits submitted by a defendant ‘will almost never warrant dismissal under CPLR 3211 unless they “establish conclusively that [the plaintiff] has no cause of action.” ’ Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied ‘unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it.’ ” (Id. at 1181-1182 [citations omitted].)
“[A]n insured may recover foreseeable damages, beyond the limits of its policy, for breach of a duty to investigate, bargain for and settle claims in, good faith” (Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 203 [2008], citing Acquista v New York Life Ins. Co., 285 AD2d 73 [1st Dept 2001]).
“As in all contracts, implicit in contracts of insurance is a covenant of good faith and fair dealing, such that ‘a reasonable *831 insured would understand that the insurer promises to investigate in good faith and pay covered claims’ ” (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 194 [2008], quoting New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]).
In the instant case, defendant seeks to dismiss plaintiff’s second and third causes of action, in part because plaintiff seeks consequential damages that are purportedly beyond the limits of plaintiff’s insurance contract — namely $19,847.75 for car payments made on a car that plaintiff was unable to use but for the defendant’s alleged breach of that contract. Inasmuch as plaintiffs car payments were a foreseeable consequence of defendant’s alleged breach of contract, this court declines to dismiss plaintiffs second and third causes of action to the extent that each seeks damages for plaintiffs car payments.
“The Courts of Appeals in the tandem decisions of Panasia and Bi-Economy appear to breath life in the Acquista position by stating that consequential damages are allowable in a first-party bad faith claim. Both decisions, however, attempt to distinguish between allowing an insured to be eligible for consequential damages while maintaining the position that punitive damages are still prohibited under New York law.” (Mark B. Seiger and Jeffrey L. Kingsley on Panasia Estates v Hudson Insurance Company and Bi-Economy Market v Harleysville: New York’s New Standard with Respect to First-Party Bad Faith Claims, 2008 Emerging Issues in Insurance Law 2150 [2008]).
“[T]he pleading elements required to state a claim for punitive damages as an additional and exemplary remedy when the claim arises from a breach of contract [are]: (1) defendant’s conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in Walker v Sheldon[2] (10 NY2d 401, 404-405, supra); (3) the egregious conduct must be directed *832 to plaintiff; and (4) it must be part of a pattern directed at the public generally (Rocanova, 83 NY2d, at 613, supra). Where a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering defendant’s motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract. ...
“[W]here a party is merely seeking to enforce its bargain, a tort claim will not lie (see, Sommer v Federal Signal Corp., [79 NY2d 540, 552 (1992)]).” (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316-317 [1995].)
The Appellate Division, Second Department, recently followed New York Univ. v Continental Ins. Co., reasoning that “punitive damages are not recoverable in an ordinary breach of contract case, as their purpose is not to remedy private wrongs but to vindicate public rights” (Tartaro v Allstate Indem. Co., 56 AD3d 758, 758 [2008]). “Punitive damages are only recoverable where the breach of contract also involves a fraud evincing a high degree of moral turpitude, and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, and where the conduct was aimed at the public generally” (id at 758-759; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 612 [1994]). Moreover, punitive damages are available where the conduct associated with the breach of contract is first actionable as an independent tort for which *833 compensatory damages are ordinarily available, and is sufficiently egregious to warrant the additional imposition of exemplary damages (see Tartaro v Allstate Indent. Co., 56 AD3d at 758-759; Reads Co., LLC v Katz, 72 AD3d 1054, 1056-1057 [2d Dept 2010]).
Further, the Court in Bi-Economy distinguished between consequential and punitive damages as follows:
1 ‘ [Consequential and punitive] damages serve different purposes and are evidenced by different facts. Consequential damages, designed to compensate a party for reasonably foreseeable damages, ‘must be proximately caused by the breach’ and must be proven by the party seeking them (24 Lord, Willis-ton on Contracts § 64:12, at 125 [4th ed]). Punitive damages, by contrast, ‘are not measured by the pecuniary loss or injury of the plaintiff as a compensation’ but are ‘assessed by way of punishment to the wrongdoer and example to others’ (11 Perillo, Corbin on Contracts § 59.2, at 550 [rev ed]).” (10 NY3d at 193-194.)
In the instant case, plaintiffs third cause of action demands, among other things, $250,000 in punitive damages due to defendant’s alleged bad faith in fulfilling its obligations under the contract. Taken in a light most favorable to the plaintiff, the plaintiff’s complaint does not show that defendant’s conduct constituted an independent tort, that it rose the level of egregiousness set forth in Walker v Sheldon, or that the alleged egregious conduct was part of a pattern directed at the public generally. Accordingly, plaintiffs claim for punitive damages is dismissed.
The Court of Appeals has set forth a subtle distinction when it comes to considering claims for attorneys’ fees and costs and disbursements in the context of contractual disputes. As to plaintiffs claim to attorney’s fees, it has long held that “in the absence of any pertinent contractual or statutory provision with respect to the recovery of amounts expended in the successful prosecution or defense of an action, each party is responsible for its own legal fees.” (Chapel v Mitchell, 84 NY2d 345, 349 [1994].) Whereas as to plaintiffs claim for other costs and disbursements, the Court has held that, “[i]t is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.” (New York Univ. v Continental Ins. Co., 87 NY2d at 324.)
*834 In the instant case, plaintiffs third cause of action demands, among other things, plaintiffs costs and disbursements related to prosecuting the instant action, including but not limited to attorneys’ fees. As to these items of damage, it is yet to be seen whether plaintiffs insurance contract permits the parties herein to recover attorneys’ fees. Therefore, taking the plaintiff’s contentions in their most favorable light, it would be imprudent for this court to dismiss the third cause of action pursuant to CPLR 3211 (a) (7) to the extent plaintiff seeks attorneys’ fees.
With regard to the plaintiff’s claim for other costs and disbursements, this court reads the decisions in Panasia and Bi-Economy (permitting claims for damages beyond the scope of a litigated contract) together with the decision in New York Univ. (prohibiting insureds from recovering nonlegal expenses incurred in bringing their claims) to mean that such nonlegal costs incidental to the prosecution of a contract claim are not ordinarily recoverable as consequential damages. However, as with damages for attorneys’ fees in a contractual dispute, parties are just as free to make nonlegal incidental costs recoverable through their insurance agreements as well. Accordingly, as to these nonlegal costs incidental to prosecution of a contract claim, it is yet to be seen whether plaintiffs insurance contract permits their recovery.
For the foregoing reasons, the plaintiff’s complaint is dismissed only to the extent it seeks punitive damages. Plaintiff may continue to prosecute its complaint as to all other claims.

. Pursuant to CPLR 2001 the court has disregarded defendant’s statement contained in the notice of motion that it is moving against plaintiff pursuant to CPLR 3212. The affirmation of defendant’s counsel in support of the motion specifies that the motion seeks dismissal of plaintiffs second and third cause of action pursuant to CPLR 3211 (a) (7). The distinction is not without consequence in assessing the movant’s burden.

. “Punitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future. (See, e.g., Toomey v. Farley, 2 N Y 2d 71, 83; Krug v. Pitass, 162 N. Y. 154, 161; Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25, 28; Oehlhof v. Solomon, 73 App. Div. 329, 333-334.) Moreover, the *832 possibility of an award of such damages may not infrequently induce the victim, otherwise unwilling to proceed because of the attendant trouble and expense, to take action against the wrongdoer. Indeed, such self-interest of the plaintiff has been characterized as ‘Perhaps the principal advantage’ of sanctioning punitive damages because it ‘leads to the actual prosecution of the claim for punitive damages, where the same motive would often lead him to refrain from the trouble incident to appearing against the wrongdoer in criminal proceedings’. (McCormick, Damages [1935], pp. 276-277.) The list of actions in which punitive damages have been permitted in this State is long (. . . [libel]; . . . [desecration of a grave]; . . . [forcible abduction of a minor child]; . . . [fraud and deceit]; see, also, 1 Clark, New York Law of Damages [1925], p. 104; McCormick, Damages [1935], pp. 286-287; Note, 70 Harv. L. Rev. 517), for, as this court observed in the Hamilton case ... ‘It is not the form of the action that gives the right to the jury to give punitory damages, but the moral culpability of the defendant.’ ” (Walker v Sheldon, 10 NY2d 401, 404-405 [1961].)