Malone Jr., J.
When the parties were unable to resolve the outstanding is *1272 sues, Supreme Court ordered them to submit proposed findings of fact and conclusions of law. Defendants moved to vacate that order and for enforcement of the in-court stipulation of settlement, which they claim disposed of all justiciable issues. Plaintiffs cross-moved seeking, among other things, a declaratory judgment concerning the easement and an order compelling defendants to move the improvements thereon. By amended order entered in January 2011, Supreme Court, among other things, ordered defendants to remove certain improvements within the boundary of the easement and permanently enjoined defendants from any future interference therewith.* Supreme Court denied defendants’ subsequent motion for leave to renew and reargue. Defendants now appeal from both that order and the amended order.
Initially, we are unpersuaded by defendants’ contention that no justiciable controversy survived the stipulation of settlement. The unambiguous language of the stipulation establishes that only the monetary claims were resolved. Although the parties discussed possibly rerouting the easement, they acknowledged that any resolution of the easement issues was contingent upon the cooperation of certain nonparty adjacent landowners as well as the Adirondack Park Agency (hereinafter APA). As the record reflects, cooperation from the adjoining landowners was not forthcoming, nor did the parties reach any resolution with regard to the easement issues.
That said, we also find no merit in defendants’ assertion that, because they had not rested their case, they were denied a full and fair opportunity to be heard prior to Supreme Court rendering a decision. Defendants did not object to the manner in which Supreme Court sought to resolve the matter, and only after an unfavorable decision was rendered did defendants assert that further testimony and evidence was required. Defendants charted their own course in this matter by making the tactical decision that the stipulation of settlement fully resolved all of the parties’ claims and that no justiciable controversies remained. Defendants cannot now be heard to complain, particularly absent any prior objection to the matter not being restored to the court’s calendar, that they were denied a full and fair opportunity to be heard (see Sim v Sim, 248 AD2d 781, 782 [1998]).
Turning to the merits, we find no support for defendants’ contention that no easement existed until the APA approved the easement in December 2011. The April 2004 deed conveying *1273 property from Bruce Caza and Brenda Caza to plaintiffs specifically states that the conveyance was granted “together with a 50 foot [w]ide non-exclusive easement and right-of-way for vehicular and pedestrian traffic and utility easements from U.S. Route 9 to the parcel conveyed herein over an existing log road.” The October 2004 deed conveying property from the Cazas to defendants states that such lands were subject to APA Permit 2004, which permit incorporated by reference a survey noting the 50-foot easement granted to plaintiffs along the existing logging road. Moreover, defendants’ November 2004 title insurance policy acknowledged the existence of an easement over the property. These documents establish that the Cazas intended to create the express easement — which was to follow the existing logging road — upon the property that they later transferred to defendants, and that defendants took title to the property with knowledge of that easement (see Marsh v Hogan, 56 AD3d 1090, 1091-1092 [2008]; Stasack v Dooley, 292 AD2d 698, 700 [2002]). Because defendants were, in fact, aware of the 50-foot-wide easement and, following the commencement of this action nonetheless placed the mobile home, septic system and other barriers within the boundary of that easement, thereby impairing plaintiffs’ right of passage, the relief ordered by Supreme Court will not be disturbed.
Finally, we find no error in Supreme Court’s finding that defendants failed to present a sufficient basis upon which to grant their motion for renewal (see CPLR 2221 [e]).
Defendants’ remaining contentions have been reviewed and found to be without merit.
Peters, P.J., Rose, Stein and Egan Jr., JJ., concur. Ordered that the amended order and order are affirmed, with costs.

 This Court granted defendants’ motion for a stay of the January 2011 order pending appeal (2011 NY Slip Op 70739[U] [2011]).