■ In the Matter of HENRIETTA ROSENSTEIN, Also Known as NETTIE ROSENSTEIN, Deceased. SANDRA ROSENSTEIN EFFRON et

al., Appellants, v ROYAL OF PORT JERVIS, INC., Respondent. [11 NYS3d 631]—

In a probate proceeding in which Sandra Rosenstein Effron, the executor of the estate of Henrietta Rosenstein, also known as Nettie Rosenstein, and Randall V. Coffill, the cotrustees of the Samuel Rosenstein Testamentary Trust, petitioned to recover rental payments, the petitioners appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Orange County (Onofry, S.), dated January 28, 2013, as denied the petition and dismissed the proceeding.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the estate.

Henrietta Rosenstein, also known as Nettie Rosenstein (hereinafter the decedent), was conveyed a lifetime income from a testamentary trust (hereinafter the trust) that was created upon the death of her husband. The trust further conveyed the decedent's husband's one-half interest in certain property located in Port Jervis, New York (hereinafter the property) to his daughter and her husband or their issue, per stirpes. The decedent possessed the other one-half interest in the property during her lifetime. Sometime after the death of the decedent's husband, the decedent entered into a stipulation of settlement (hereinafter the stipulation) with the cotrustees of the trust pursuant to which the decedent and the trust entered into a lease dated June 2007 with Royal of Port Jervis, Inc. (hereinafter Royal), as tenant of the property. The lease provided that Royal would pay annual "triple net" rent in the sum of $60,000, and that it would automatically renew year to year after the initial lease term, unless Royal gave six months' advance notice of nonrenewal. The stipulation further provided that, upon the decedent's death "and within thirty (30) days after the appointment of a legal representative, [Royal] shall purchase from the Estate of [the decedent] one-half ownership of the [property] for $300,000" in a "mandatory buyout binding upon [Royal], [the decedent], and the estate of [the decedent]."

Until the death of the decedent on February 17, 2011, Royal had paid the agreed-upon rent pursuant to the lease. Similar to the provision in the stipulation, the lease also provided that Royal would purchase the decedent's undivided one-half interest in the property at the time of the decedent's death for the same price provided for in the stipulation, with a closing to take place "no later than thirty (30) days from the time Tenant receives notice of the appointment of the Executor/rix or Administrator/rix of [the decedent's] Estate."

On February 22, 2011, the decedent's last will and testament was admitted to probate in Pennsylvania, where the decedent had resided at the time of her death, and Sandra Rosenstein Effron was appointed as the executor of the estate pursuant to the terms of the decedent's will. Approximately eight months later, on October 31, 2011, Effron obtained ancillary letters testamentary from the Surrogate's Court, Orange County, New York, which were required to effectuate the conveyance of the decedent's one-half interest in the property to Royal (*cf.* SCPA art 19). Royal continued to occupy the property after February 2011 without paying any rent.

In March 2012, Effron and Randall V. Coffill, the cotrustees of the Trust (hereinafter together the petitioners), commenced this proceeding against Royal in the Surrogate's Court, Orange County, seeking to recover unpaid rent in the sum of $65,000 for the 13-month period from March 2011 through March 2012. In its answer and cross petition, Royal contended, among other things, as its fifth affirmative defense, that upon the death of the decedent, it became a contract vendee entitled to purchase the decedent's one-half interest in the property.

The Surrogate's Court determined, inter alia, that the landlord-tenant relationship between the parties terminated on the decedent's death along with Royal's obligation to pay rent, as Royal had become a contract vendee entitled to purchase the property, and, in its decree, among other things, denied the petition and dismissed the proceeding. We affirm the decree insofar as appealed from.

"[T]he general rule is that execution of a contract of sale between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former, unless the parties clearly intend the contrary result" (*Barbarita v Shilling*, 111 AD2d 200, 201-202 [1985]; *see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 78 AD3d 1010, 1015 [2010]; *Lelekakis v Kamamis*, 41 AD3d 662, 665 [2007]). Thus, a landlord-tenant relationship is an essential predicate to obtaining an award of use and occupancy from a contract vendee in possession of the subject property (*see Reads Co., LLC v Katz*, 72 AD3d 1054, 1056 [2010]; *Fulgenzi v Rink*, 253 AD2d 846, 848 [1998]; *Barbarita v Shilling*, 111 AD2d at 201).

Contrary to the petitioners' contention, the Surrogate's Court properly determined that the parties intended for the landlord-tenant relationship between Royal and the decedent's estate and the trust to terminate on the decedent's death, whereupon Royal became a vendee in possession of the property—albeit,

not by executing a separate contract of sale, but by operation of law, as expressly and unambiguously provided for in both the stipulation and the lease. Further, in the absence of any agreement requiring Royal to pay rent as a contract vendee (*see Reads Co., LLC v Katz*, 72 AD3d at 1056; *Fulgenzi v Rink*, 253 AD2d at 848; *Barbarita v Shilling*, 111 AD2d at 201), the Surrogate's Court properly determined that Royal was not obligated to pay rent after the decedent's death. The additional determination of the Surrogate's Court that Royal was not obligated to pay rent while it occupied the property during the unexplained delay of more than eight months from the date Effron was appointed executor to the date the ancillary letters were issued to Effron by the Surrogate's Court, Orange County, also was proper, as the sole cause of the delay was Effron's failure to expeditiously obtain ancillary letters (*see Mount Sinai Hosp. v 1998 Alexander Karten Annuity Trust*, 110 AD3d 288, 299 [2013]; *Global Bus. School, Inc. v R.E. Broadway Real Estate, II, LLC*, 38 AD3d 451 [2007]).

Accordingly, the petition to recover rents was properly denied and the proceeding was properly dismissed. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.