■ Luna Lighting, Inc., Respondent-Appellant, v Just Industries, Inc., Appellant-Respondent, et al., Defendants. [29 NYS3d 410]—

In a consolidated action to foreclose three mortgages, the defendant Just Industries, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated May 23, 2013, as denied that branch of its cross motion which was pursuant to CPLR 2221 (a) to modify prior orders of the same court dated April 8, 2010, and August 4, 2010, respectively, to provide that it is entitled to an award for the plaintiff's use and occupancy of the subject properties, (2) from an order of the same court dated July 3, 2014, which granted that branch of the plaintiff's motion which was to quash 11 subpoenas duces tecum served by the defendant Just Industries, Inc., upon nonparties, and (3) from an order of the same court dated July 9, 2014, which granted that branch of the plaintiff's motion which was to quash two

subpoenas duces tecum served by the defendant Just Industries, Inc., upon nonparties, and the plaintiff cross-appeals, as limited by its brief, from so much of the order dated May 23, 2013, as denied its motion pursuant to CPLR 2221 (a) to modify the prior orders dated April 8, 2010, and August 4, 2010, to expand the scope of the issues referred to the judicial hearing officer and granted that branch of the cross motion of the defendant Just Industries, Inc., which was pursuant to CPLR 2221 (a) to modify the prior orders dated April 8, 2010, and August 4, 2010, to provide that the statutory postjudgment interest rate of 9% per annum is applicable to the judicial hearing officer's calculation of the redemption price.

Ordered that the order dated May 23, 2013 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the orders dated July 3, 2014 and July 9, 2014 are affirmed, without costs or disbursements.

Contrary to the contention of the defendant Just Industries, Inc. (hereinafter JI), the Supreme Court properly denied that branch of its cross motion which was pursuant to CPLR 2221 (a) to modify prior orders dated April 8, 2010, and August 4, 2010, respectively, to provide that it is entitled to an award for the plaintiff's use and occupancy of the subject properties. Although JI is entitled to an equitable setoff against the mortgage debt for any rents and profits that the plaintiff may have received as a mortgagee in possession (*see Gasco Corp. & Gordian Group of Hong Kong v Tosco Props.*, 236 AD2d 510, 512 [1997]), "[t]he legal owner of real property is not entitled to an award for use and occupancy unless there also exists a landlord-tenant relationship between the parties" (*Reads Co., LLC v Katz*, 72 AD3d 1054, 1056 [2010]; *see Fulgenzi v Rink*, 253 AD2d 846, 848 [1998]; *Mendoza v Rodriguez*, 127 AD2d 635, 636 [1987]; *Jacobs v Andolina*, 123 AD2d 835, 836 [1986]; *Barbarita v Shilling*, 111 AD2d 200, 201 [1985]). Here, there was no such relationship between the parties.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying its motion pursuant to CPLR 2221 (a) to modify the prior orders to expand the scope of the issues referred to the judicial hearing officer by allowing examination of the involvement of L&L Holding Company (hereinafter L&L) in this action. To the extent that the plaintiff sought an inquiry into whether L&L was assisting JI with prohibited new business in violation of Business Corporation Law § 1005 with respect to the redemption of the subject properties, exploration of that issue is precluded under

the law of the case doctrine, as the issue was previously decided in this Court's prior decision and order (*see Luna Light., Inc. v Just Indus., Inc.*, 45 AD3d 814, 816 [2007]). To the extent that the plaintiff sought to explore the issue of whether L&L was assisting JI with new business aside from the redemption of the property, such information would not be material and necessary to the issue referred, i.e., calculation of the redemption price (*see* CPLR 3101 [a] [1]).

Contrary to the plaintiff's further contention, the Supreme Court properly granted that branch of JI's cross motion which was to modify the prior orders to provide that the statutory postjudgment interest rate of 9% per annum is applicable to the judicial hearing officer's calculation of the redemption price. Since the underlying loan documents do not contain a clear, unambiguous, and unequivocal expression that interest will be paid at the rate higher than the statutory rate until the judgment is satisfied, the statutory rate applies (*see IRB-Brasil Resseguros, S.A. v Inepar Invs., S.A.*, 83 AD3d 573, 575 [2011], *affd* 20 NY3d 310 [2012]; *cf. Retirement Accounts, Inc. v Pacst Realty, LLC*, 49 AD3d 846, 846-847 [2008]).

The Supreme Court also properly granted the plaintiff's motions to quash the subpoenas duces tecum served by JI upon various nonparties. Except as provided in CPLR 5223, during and after trial, disclosure may be obtained only by order of the trial court on notice (CPLR 3102 [d]). Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.