Baran v Mechel (2020 NY Slip Op 01896)





Baran v Mechel


2020 NY Slip Op 01896


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-07912
 (Index Nos. 701547/12, 701549/12)

[*1]Edward Baran, etc., respondent, 
v
Stanislaw Mechel, etc., appellant. (Matter No. 1)
In the Matter of Edward Baran, respondent, 
v
Stanislaw Mechel, appellant. (Matter No. 2)


Felipe Orner, Flushing, NY, for appellant.
Kushnick Pallaci PLLC, Bohemia, NY (Jeffrey A. Lhuillier of counsel), for respondent.



DECISION & ORDER
In an action and a related proceeding, inter alia, for the judicial dissolution of two corporations, respectively, Stanislaw Mechel, the defendant in Matter No. 1 and the respondent in Matter No. 2, appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered June 27, 2017. The order, insofar as appealed from, granted the motion of Edward Baran, the plaintiff in Matter No. 1 and the petitioner in Matter No. 2, for a preliminary injunction to the extent of extending to June 30, 2017, certain interim relief awarded in an order to show cause of the same court (Leonard Livote, J.) dated April 6, 2017, and, in effect, denied those branches of the cross motion of Stanislaw Mechel which were to vacate the interim relief and for an award for use and occupancy with respect to certain premises.
ORDERED that the appeal from so much of the order entered June 27, 2017, as extended to June 30, 2017, the interim relief in the order to show cause dated April 6, 2017, and, in effect, denied that branch of the cross motion of Stanislaw Mechel which was to vacate the interim relief, is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
Edward Baran and Stanislaw Mechel were each 50% shareholders of New York Builders of Stairs, Inc. (hereinafter New York Builders), and AAMAA Corp. (hereinafter AAMAA). The assets of AAMAA consisted of two commercial properties, located at 54-03 and 54-05 Grand Avenue, Maspeth, where New York Builders maintained its equipment and conducted its business. Baran commenced the instant action and related proceeding, inter alia, for judicial dissolution of New York Builders and AAMAA, respectively. Pursuant to a shareholders' settlement agreement with respect to the dissolution of AAMAA, title to 54-03 Grand Avenue was transferred to Mechel [*2]and title to 54-05 Grand Avenue was transferred to Baran.
Baran thereafter moved for a preliminary injunction restraining Mechel from blocking New York Builder's access to 54-03 Grand Avenue and its equipment stored therein. The Supreme Court awarded Baran interim relief to that effect in an order to show cause dated April 6, 2017. Mechel cross-moved, inter alia, to vacate the interim relief and for an award for use and occupancy of 54-03 Grand Avenue. In the order appealed from, the Supreme Court extended the interim relief to June 30, 2017, and, in effect, denied those branches of the cross motion. Mechel appeals.
The appeal from so much of the order as extended the interim relief to June 30, 2017, and, in effect, denied that branch of Mechel's motion which was to vacate the interim relief, must be dismissed as academic, since the interim relief has expired (see Needleman v Tornheim, 106 AD3d 707, 708).
Contrary to Mechel's contention, he was not entitled to an award against Baran for use and occupancy of 54-03 Grand Avenue, since he did not demonstrate the existence of a landlord-tenant relationship between himself and Baran (see Luna Light., Inc. v Just Indus., Inc., 137 AD3d 1228, 1229; Reads Co., LLC v Katz, 72 AD3d 1054, 1056; Fulgenzi v Rink, 253 AD2d 846, 848). Accordingly, we agree with the Supreme Court's determination, in effect, to deny that branch of Mechel's cross motion which was for an award of use and occupancy.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court