■ ALLAN S. JACOBS, Plaintiff, v PHILIP ANDOLINA et al., Defendants. DOUGLAS R. HOLT, as Receiver, Respondent; KENT PRUZAN et al., Appellants.—In a mortgage foreclosure action, Kent Pruzan and Paula Pruzan appeal from a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered March 12, 1984, which awarded the receiver, Douglas R. Holt, the principal sum of $4,165, plus interest, for the Pruzans' use and occupancy of the mortgaged premises from June 1, 1983 to February 1, 1984.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, to compute an award for use and occupancy of the premises for the period from September 7, 1983 until February 1, 1984, less the necessary expenses incurred in maintaining the premises, in accordance with this memorandum.

In or about January of 1983 the defendant Beverly Andolina contracted to sell her residence to the appellants Kent and Paula Pruzan. Because a title report disclosed a pending foreclosure action and an unsatisfied judgment against the Andolinas, the closing date was adjourned to try to obtain releases and to clear title. The contract of sale was amended in the spring of 1983 to allow the Pruzans to take possession in the interim. The amendment provided that an obligation to pay $500 per month rent would arise if and only if title closed. In July 1983 the Pruzans received a notice to attorn, addressed to the tenant of the premises, from a receiver who had been appointed with respect to a second mortgage on the property.

Efforts to clear title were unsuccessful and on September 7, 1983, a foreclosure sale was held. The Pruzans made the highest bid and tendered the requisite down payment, which was accepted by the Referee conducting the sale. However, prior to the conveyance of a Referee's deed, Allan Jacobs, the holder of the second and third mortgages, obtained a stay of the conveyance pending a determination of his motion to set aside the sale for improper service on himself. The Pruzans continued to occupy the premises. Thereafter, Jacobs' motion was granted and the sale was vacated by judicial decree, the Pruzans' money was returned and a new sale was scheduled. The Pruzans decided not to bid again at the second sale and vacated the premises on or about February 1, 1984.

The receiver appointed to collect rents and profits on the mortgaged premises on behalf of Jacobs made the instant application for an order directing the Pruzans to pay $500 per month for their use and occupancy of the mortgaged premises from June 1, 1983 to February 1, 1984. Special Term granted the motion and the Pruzans appeal from the judgment subsequently entered on that order.

When the Pruzans commenced occupancy of the residence in the spring of 1983, they did so as vendees in possession. It is well settled that the legal owner of real property is not entitled to an award for use and occupancy from a contract vendee in possession unless there also exists a landlord-tenant relationship between the parties *(see, 14 Second Ave. Realty Corp. v Steven Corp.,* 16 AD2d 751, *affd* 12 NY2d 919; *Barbarita v Shilling,* 111 AD2d 200; *Pinmor Realty Corp. v Baris Hotel Corp.,* 83 AD2d 847; *Stevens v Nye,* 283 App Div 666) or the situation falls within the ambit of RPAPL 713 (9) *(cf. Orange County Dev. Corp. v Perez,* 67 Misc 2d 980; *Farber Hempstead Corp. v Buckley,* 65 Misc 2d 237). Since the contract of sale was not one which was necessarily to be performed within 90 days and the vendee in possession did not default in the performance of terms of said contract, RPAPL 713 (9), by its own terms, is inapplicable.

Although, ordinarily, the relationship of lessor and lessee is not created between the vendor and the vendee by the mere fact the vendee is given the right to take possession of the premises prior to the conveyance of title, an intention to deviate from this general rule may be directly expressed in the contract or may be inferred from the medley of factors, including the terms of the agreement, the circumstances of its making and the subsequent behavior of the parties *(Barbarita v Shilling, supra;* 2 Rasch, New York Landlord & Tenant— Summary Proceedings § 690 [2d ed]). Here, the parties explicitly and unambiguously agreed to amend the contract of sale to provide that an obligation to pay rent should arise only if title closed, which condition never occurred. Consequently, the Pruzans did not have to pay rent while they were contract vendees in possession. Said status, however, terminated on September 7, 1983, when the Pruzans purchased the property at the defective foreclosure sale. Furthermore, in apparent recognition of the fact the foreclosure sale rendered performance of the contract of sale impossible, the contract of sale was, in effect, rescinded, as evidenced by the return of the Pruzans' down payment, pursuant to their request.

Since a court may not require payment to the receiver of

any sum either for rent or for use and occupation beyond the sums to which the legal owner would have been entitled (see, *Bank for Sav. v Shenk Realty & Constr. Co.*, 265 App Div 72; 2 Drussel and Foran, Mortgages and Mortgage Foreclosure in NY § 34:6 [rev ed]), Special Term erred in awarding the receiver $500 a month for the rental value of the premises prior to September 7, 1983.

When a foreclosure sale is set aside on account of defects or irregularities, the purchaser in possession of the premises is generally held accountable for use and occupation, or rents and profits, of the property during his occupation, with appropriate reductions for taxes, insurance and necessary repairs incurred in maintaining the premises (see, RPAPL 1522; *Land Fin. Corp. v Giorgio*, 245 App Div 836, *affd* 271 NY 534; *Wallace v Berdell*, 98 NY 480, *remittitur denied* 101 NY 13; *Holly v Gibbons*, 177 NY 401; Ann., 156 ALR 905 [1945]; 15 Carmody-Wait 2d, NY Prac § 92:351). The reasonable rental value of the premises is recoverable upon the theory of restitution or upon the theory that the purchaser at a foreclosure sale which is defective by reason of the failure to serve a junior mortgagee as a party defendant in the foreclosure action, acquires, at best, the legal status of a mortgagee in possession (*Herrmann v Cabinet Land Co.*, 217 NY 526, 529, *rearg denied* 218 NY 701; *Townshend v Thomson*, 139 NY 152; 1 Drussel and Foran, Mortgages and Mortgage Foreclosure in NY § 21:4 [rev ed]; 15 Carmody-Wait 2d, NY Prac §§ 92:314, 92:323, 92:325, 95:10; 38 NY Jur, Mortgages and Deeds of Trust, § 119). A junior lienor may compel a mortgagee in possession to account for rents and profits, or for use and occupation, for the benefit of the owner of the equity of redemption (see, 1 Drussel and Foran, Mortgages and Mortgage Foreclosure in NY § 21:11 [rev ed]; 38 NY Jur, Mortgages and Deeds of Trust, § 122; 15 Carmody-Wait 2d, NY Prac § 92:323; Ann., 46 ALR 138, 153, 154). Here, the Pruzans continued to occupy the premises, albeit after their contract of sale had been rescinded and the conveyance of a Referee's deed had been stayed. Under the circumstances, the Pruzans may be compelled to make restitution of the benefits actually received from the retention of the premises (see, *Bedell Co. v Harris*, 228 App Div 529, 536).

Although we find that $500 a month, the amount agreed upon in the contract of sale, is a reasonable rental value for the mortgaged premises between September 7, 1983 and February 1, 1984, we remit the matter to the Supreme Court to compute the award after the Pruzans have been afforded an

opportunity to proffer evidence of their actual expenses for taxes, insurance and necessary repairs incurred in maintaining the premises. The reasonable rental value for the Pruzans' use and occupancy of the premises during the aforenoted period is to be reduced by such expenses. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.