OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs and matter remanded for a new trial limited to the issue of whether *614 tenants exercised their option to purchase the subject premises.
On December 7, 2000, after landlord purchased tenants’ premises at a mortgage foreclosure sale, the parties entered into a three-year lease, and tenants executed a $37,000 promissory note for an identical period. A lease rider gave tenants a purchase option, exercisable 90 days after the lease’s execution (the option clause nevertheless implies that the option is exercisable on or before February 7, 2001), on condition, inter alia, that tenants had not defaulted on either obligation. The note required payments on the seventh of each month and defaulting thereafter; the lease required payments on or before the seventh of the month and defaulting after the twelfth. Landlord’s judgment in a separate Supreme Court action (Owen, J.) to recover on the promissory note following tenants’ default thereon was affirmed by the Appellate Division (Neuhaus v McGovern, 293 AD2d 727 [2002]). Alleging tenant’s failure to pay rent for the months of February and March 2001, landlord commenced the instant summary proceeding.
“[A]n option to buy contained in a lease must be exercised strictly in the manner specified * * * Thus, in exercising the option * * * the lessee must comply with all conditions precedent thereto as provided by the terms of the option” (2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 20:21, at 131 [4th ed]; see Galapo v Feinberg, 266 AD2d 150 [1999]; Weissman v Adler, 187 AD2d 647, 648 [1992]). Tenants insist in their brief that they exercised the option according to its terms, before the February 2001 rent and any installment payment pursuant to the note were due, thereby dissolving the landlord-tenant relationship on which the rent obligation was based and transforming the parties’ relationship to that of vendor and vendees-in-possession (74A NY Jur 2d, Landlord and Tenant § 695; Fulgenzi v Rink, 253 AD2d 846, 848 [1998]; Farber Hempstead Corp. v Buckley, 65 Misc 2d 237, 239 [1970]; cf. Jacobs v Andolina, 123 AD2d 835, 836 [1986]; Barbarita v Shilling, 111 AD2d 200, 201 [1985]). Landlord argues that tenants were in default under the lease agreement and therefore ineligible to exercise their purchase option, notwithstanding that tenants tendered a $2,500 check in an attempt to exercise the option.
The record before us is devoid of any facts necessary to determine whether tenants exercised their purchase option pursuant to the lease agreement or whether equitable relief *615 would be appropriate to vacate any default in the exercise thereof (e.g. Matter of Temple Emanu-El of Boro Park v Attorney-General of State of N.Y., 240 AD2d 752, 753 [1997]; Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp., 166 AD2d 435, 437 [1990]). Such a determination is necessary because an effective exercise of the option would have allowed tenants 90 days to obtain financing without the obligation to pay rent. As a result, the option’s exercise would amount to a complete defense to the petition. In light of the totality of the parties’ transactions, structured to afford tenants the opportunity to recover their long-term residence on financial terms favorable to landlord, the court below should have reached the issue before awarding a final judgment for petitioner.
We note that prior to the trial of the instant summary proceeding, Justice Owen, in awarding landlord summary judgment on the promissory note, concluded that tenants “were not [current in their obligations on the note] when they purportedly exercised the option.” However, in view of the determination by the Appellate Division in affirming Justice Owen’s order, his findings do not collaterally estop tenants from interposing the issue as a defense to the petition. In a proceeding to establish “the existence of the subject note and nonpayment according to its terms” (Neuhaus, 293 AD2d at 728), based entirely on nonpayments subsequent to the time tenants purportedly exercised the option, any question as to tenants’ previous defaults under the lease and note were not matters “essentially connected with the subject matter of the litigation and necessarily implied in the final judgment” (9 Carmody-Wait 2d, NY Prac § 63:467, at 437; cf. Buechel v Bain, 97 NY2d 295, 303-304 [2001]; Hamm v Slavin, 257 AD2d 805, 807 [1999]). Moreover, we note that the Appellate Division concluded that tenants’ contractual obligations under the note were not “inextricably intertwined” with the lease (Neuhaus v McGovern, supra at 728). Thus, tenants’ default on the note would not vitiate any prior exercise of the option to purchase.
Floyd, P.J., Doyle and Colabella, JJ., concur.