OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
Landlord commenced the instant commercial summary holdover proceeding to recover possession of the premises. Absent the parties’ contrary intent, the purchase contract, executed before the commercial lease expired, merged the landlord-tenant relationship into that of vendor-vendee in possession (Barbarita v Shilling, 111 AD2d 200, 201-202 [1985]; Neuhaus v McGovern, 195 Misc 2d 613, 614 [App Term, 9th & 10th Jud Dists 2002]), barring the commencement of a summary proceeding against the vendee, the equitable owner (74A NY Jur 2d, Landlord and Tenant § 697) and the legal owner may not demand use and occupancy (Mendoza v Rodriguez, 127 AD2d 635, 636 [1987]; Jacobs v Andolina, 123 AD2d 835, 836 [1986]). The merger did not occur in this case because the parties continued the landlord-tenant relationship, as evidenced, inter alia, by tenant’s uninterrupted payment of rent, albeit on a newly-formed corporate account, and by the terms of a conference order, issued in connection with tenant’s then-pending Suffolk County Supreme Court action for specific performance of the contract (which landlord declared terminated after tenant failed to obtain the required financing by the closing date), conditioning the renewal of a stay on tenant’s payment of “use and occupancy” and utility fees “as heretofore paid.” Upon tenant’s alleged violation of a condition of the stay, landlord properly commenced the herein action (RPAPL 711).
The court properly rejected tenant’s claim that the holdover proceeding failed to name and serve the corporation, a party in possession. The corporation’s occupancy of the premises to be conveyed would not, standing alone, imply a landlord-tenant relationship between it and the vendor (1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 4:3, at 174 [4th ed]), and tenant failed to prove that landlord acceded to such a relationship (Jacobs v Andolina, 123 AD2d at 836). Tenant admits he executed the purchase contract in his personal capacity and sued landlord for specific performance in his own name, not as *34 the representative of a corporate tenant in possession. Tenant’s application for a restraining order sought, inter alia, to compel landlord to accept rental payments from tenant, not the corporation, and the conference order specified that landlord may retain all “rent” or use and occupancy payments previously tendered “without prejudice.” Thus, the fact that after forming the corporation, tenant elected to pay the rent/use and occupancy and utilities from a corporate account and landlord accepted those payments was insufficient to establish a landlord-tenant relationship between landlord and the corporation.
Rudolph, J.E, Angiolillo and Covello, JJ., concur.