■ HELENE GOTTLIEB, Appellant, v NORTHRIVER TRADING COMPANY LLC et al., Respondents. NORTHRIVER TRADING COM-

PANY LLC et al., Counterclaimant Respondent, v PHILIP GOT-TLIEB, Also Known as FEIVEL GOTTLIEB, Additional Counterclaim Defendant-Appellant. [872 NYS2d 46]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered May 14, 2007, which dismissed the complaint, granted defendants' motion for summary judgment on their sixth counterclaim and denied plaintiff's cross motion for discovery, unanimously reversed, on the law, with costs, the complaint reinstated, defendants' motion denied, and plaintiff's cross motion granted to compel discovery on an extended schedule to be approved by the court.

Contrary to the court's ruling, members of a limited liability company may seek an equitable accounting under common law. The assertion that such members are limited to statutory remedies with regard to potential fraud is inconsistent with the reasoning in *Tzolis v Wolff* (10 NY3d 100 [2008]). Furthermore, while plaintiff's sole claim was for an accounting, the ad damnum of her complaint did seek monetary damages based on misallocation of the company's assets, and the case should thus be permitted to go forward. Issues of fact also preclude summary judgment on the losses in the trading account. Plaintiff raised a number of factual issues as to her prior payment of losses in other subaccounts, and whether those losses were ever charged to other members. Concur—Saxe, J.P., Gonzalez, Sweeny, Renwick and DeGrasse, JJ. [*See* 2007 NY Slip Op 31200(U).]