OPINION OF THE COURT
Mark I. Partnow, J.
In this action by plaintiff 363-367 Neptune Avenue, LLC against Thomas Neary, Salvatore Benevento, Carmel Salerno, and the estate of Julia J. Benevento[1] (collectively, defendants) for a judgment requiring Thomas Neary, Salvatore Benevento, and Carmel Salerno to immediately vacate their apartments located at 367 Neptune Avenue, in Brooklyn, New York, requiring the estate of Julia J. Benevento to take any and all actions to remove its heirs immediately from these premises, and seeking damages against defendants, 363-367 Neptune Avenue, LLC moves, by order to show cause, for an order requiring Thomas Neary, Salvatore Benevento, and Carmel Salerno to vacate the subject premises and for defendants to take any and all steps to have the subject apartments vacated and to shutdown the premises. 363-367 Neptune Avenue, LLC additionally moves to dismiss the counterclaims and affirmative defenses of Thomas Neary, Salvatore Benevento, and Carmel Salerno.
Thomas Neary, Salvatore Benevento, and Carmel Salerno move, by order to show cause, for an order: (1) granting them a preliminary injunction[2] restraining, pending the final determination of this action, 363-367 Neptune Avenue, LLC, its manager, agents, attorneys, and members, including but not limited to Arthur Burns and anyone else acting for or on behalf of 363-367 Neptune Avenue, LLC, from: (i) harassing, intimidating, threatening and otherwise interfering with the quiet and peaceful use and occupancy by them and their respective family members in and to their respective rent-stabilized apartments in the building located at 363-367 Neptune Avenue, (ii) damaging, altering, or otherwise changing the building except in the ordinary course of business, and (iii) engaging in any other conduct which is calculated to force them to vacate their apartments, and (2) directing 363-367 Neptune Avenue, LLC, as the landlord, to make repairs and maintain essential services on an ongoing basis and to take prompt steps to correct maintenance *782 problems as they arise. Thomas Neary, Salvatore Benevento, and Carmel Salerno cross-move for an order: (1) pursuant to CPLR 3212, granting them summary judgment on their first counterclaim directing 363-367 Neptune Avenue, LLC to issue and deliver to them rent-stabilized renewal leases for their respective apartments in the building at 367 Neptune Avenue in accordance with and as required by the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-501 et seq.), (2) granting them summary judgment dismissing 363-367 Neptune Avenue, LLC’s complaint as against them based upon the ground that there are no questions of fact and that they are entitled to judgment as a matter of law, and (3) severing their second, third, and fourth counterclaims.
The subject property, which is located at 363-367 Neptune Avenue, in Brooklyn, New York, consists of two buildings with six units in each of them, for a total of 12 residential apartments. The property was originally owned by Salvatore Judice, who bought it around 1930. When Salvatore Judice died in 1973, he left this property to all of his five children, i.e., Grace Burns, Anna Neary, Lucy Judice, John E. Judice, and Julia J. Benevento. By deed dated March 30, 1977, the property was conveyed to Grace Burns, Anna Neary, Lucy Judice, John E. Judice, and Julia J. Benevento, as tenants in common. Grace Burns is still alive and is now 97 years of age, and Anna Neary, Lucy Judice, John E. Judice, and Julia J. Benevento are deceased. The present dispute involves the children of Anna Neary, John E. Judice, Julia J. Benevento, and the son of Grace Burns, Arthur Burns (who represents her interests), who are all cousins. This dispute is over this property and whether some of these cousins who have lived there for most of their lives, i.e., Thomas Neary, Salvatore Benevento, and Carmel Salerno, should now be forced to vacate their apartments at the property.
Salvatore Benevento is 80 years old, and has resided virtually his entire life, along with his family, in apartment 3-L in the building at 367 Neptune Avenue, and currently resides there. Carmel Salerno is 71 years old, and has resided in apartments 2R and 2L in the building at 367 Neptune Avenue for the past 45 years with her family, and currently resides there. Thomas Neary is 71 years old, and has resided in apartment 1-L in the building at 367 Neptune Avenue for approximately 70 years with his family, and currently resides there.
The building at 367 Neptune Avenue is a rent-stabilized building. The apartment registration information from the New York *783 State Division of Housing and Community Renewal (the DHCR) submitted by Thomas Neary, Salvatore Benevento, and Carmel Salerno lists Thomas Neary’s and Salvatore Benevento’s apartments[3] as being rent stabilized for the 1988 registration year (and that they were rent-controlled prior to that time).[4] Copies of leases dated November 15, 2005 reflect that Thomas Neary, Salvatore Benevento, and Carmel Salerno, as tenants, had rent-stabilized leases for their apartments, dated November 15, 2005, with John E. Judice, as owner, which commenced on February 1, 2006 and ended on January 31, 2008.
Anna Neary died in 1987, and she left her estate to her husband, Thomas J. Neary, Sr., who died on August 2, 2004. Thomas J. Neary, Sr.’s estate passed to Thomas Neary, Salvatore Neary, and Mary Ann Percaccio, who thereby received a 20% ownership interest in the premises.
According to Thomas Neary, Salvatore Benevento and Carmel Salerno, Arthur Burns, who lives in Maryland and whose mother, Grace Burns, had a 20% ownership interest in the premises, suddenly began making visits to them in 2006, in an effort to convince them to transfer their respective interests in the premises to a limited liability company (LLC). Thomas Neary, Salvatore Benevento, and Carmel Salerno claim that Arthur Burns assured them that they would not lose their rights to continue to be rent-stabilized tenants and remain in possession of their apartments and that “everything would stay the same,” and that the advantage to such a transfer would be that they could not be held subject to any personal liability with respect to the property.
Without being represented by separate legal counsel, Thomas Neary, Salvatore Benevento, and Carmel Salerno agreed to form 363-367 Neptune Avenue, LLC. The original operating agreement was executed on November 10, 2006 (subsequent to the execution of the aforementioned November 15, 2005 rent-stabilized leases) by its original members: Grace Burns (by Arthur Burns, as her attorney-in-fact), Julia J. Benevento (by Salvatore Benevento, as her attorney-in-fact), and Thomas Neary, Salvatore Neary, and Mary Ann Percaccio, with each group having a 331/3% voting interest in the company. By deed dated December 15, 2006, Julia J. Benevento transferred her *784 20% ownership interest in the premises to 363-367 Neptune Avenue, LLC. John E. Judice died on March 28, 2007, and his estate passed to Carmel Salerno, Patricia Judice, Joanne Judice Rafaella, and Salvatore Judice. It was anticipated that when the estate of Lucy Judice (which had a 20% interest in the property) and the estate of John E. Judice (which had a 20% interest in the property) came into the company, the agreement would be amended pro rata.
By deed dated November 1, 2007, Salvatore Judice, as the executor of the estate of John E. Judice, transferred his 20% undivided interest as a tenant in common in the premises to 363-367 Neptune Avenue, LLC. Since Lucy Judice died without having children, her estate passed to the estates of John E. Judice, Julia J. Benevento, and Anna Neary. By deed dated September 13, 2007, the estate of Lucy Judice conveyed its 20% interest in the premises to 363-367 Neptune Avenue, LLC.
The Amended and Restated Operating Agreement (the Operating Agreement) was entered into and executed on November 1, 2007 by Grace Burns (by Arthur Burns as her attorney-in-fact), the estate of Lucy T. Judice (by Arthur Burns, Mary Ann Percaccio, and Salvatore Judice as coadministrators), the estate of John E. Judice (by Salvatore Judice, as executor), Julia J. Benevento (by Salvatore Benevento as her attorney-in-fact), Thomas Neary, Salvatore Neary, and Mary Ann Percaccio, as members of 363-367 Neptune Avenue, LLC. Pursuant to the Operating Agreement, Arthur Burns, who, as noted above, is the son of Grace Burns, was made the manager of 363-367 Neptune Avenue, LLC.
Subsequently, Julia J. Benevento died, and Julia J. Benevento’s estate passed to Salvatore Benevento and Anthony Bevent.[5] Thus, Thomas Neary is a member of 363-367 Neptune Avenue, LLC, Salvatore Benevento has a beneficial interest in 363-367 Neptune Avenue, LLC through the estate of Julia J. Benevento, and Carmel Salerno has a beneficial interest in 363-367 Neptune Avenue, LLC through the estate of John E. Judice. Thomas Neary, Salvatore Benevento, and Carmel Salerno also have beneficial interests through the estate of Lucy Judice (by way of their beneficial interests in the estates of Anna Neary, Julia Benevento, and John E. Judice, respectively).
By letter dated November 1, 2007, Raymond J. McRory, Esq., as the attorney for 363-367 Neptune Avenue, LLC, advised *785 Thomas Neary, Salvatore Benevento, and Carmel Salerno that he was enclosing, “[a]s provided by law,” two duplicate originals of renewal lease forms for rent-stabilized leases. These renewal leases were for a term commencing on January 31, 2008 and terminating on January 31, 2010. These renewal leases were entered into by Thomas Neary, Salvatore Benevento, and Carmel Salerno, as the tenants, and Arthur Burns, as the manager of the owner, 363-367 Neptune Avenue, LLC. The renewal forms stated at the top thereof, in bold capital letters, that “[t]his Notice For Renewal of Lease and Renewal Lease Form Issued Under Section 2523.5 (A) Of The Rent Stabilization Code.”
Thomas Neary, Salvatore Benevento, and Carmel Salerno assert that in or about April 2008, Arthur Burns, on behalf of 363-367 Neptune Avenue, LLC and himself, deliberately undertook a malicious campaign of harassment, abuse, intimidation, and threats in an attempt to force them to vacate their life-long homes so that the building could be sold free of tenants at a higher price. Thomas Neary, Salvatore Benevento, and Carmel Salerno claim that this intentional conduct included, among other things, repeatedly demanding that they vacate the premises, sending e-mails threatening them with criminal prosecution for fraud, expending approximately $200,000 of funds from a related LLC to buy out tenants in the premises while they received only approximately $18,000 from such related LLC, making false accusations about their character, integrity, loyalty, and their occupancy of their life-long homes, falsely asserting that there are hazardous conditions at the premises, falsely asserting that the premises are being operated at a financial loss and/or contriving to make it appear that the premises are being operated at a loss, and turning off the utilities for the premises.
A notice of meeting and ballot dated April 6, 2009 was mailed to the members of 363-367 Neptune Avenue, LLC by the attorney for the Grace J. Burns Trust (a trust in which Arthur Burns is the trustee). The notice stated that notice was thereby given that Grace Burns and the Grace J. Burns Trust, the estate of Lucy T. Judice, the estate of John J. Judice, Salvatore Neary, and Mary Ann Percaccio had called for a meeting of the members of 363-367 Neptune Avenue, LLC, and requested that they cast their votes on the proposals contained in the notice. These proposals included a proposal to dissolve 363-367 Neptune Avenue, LLC on the grounds that the building could only be operated at a loss; there were existing conditions in the building *786 that required extensive and costly repair, maintenance and/or replacement and there were no funds for this; the poor physical conditions of the property exposed 363-367 Neptune Avenue, LLC to violations, sanctions, and the risks of nonpayment by tenants, and put members at risk for personal liability; and 363-367 Neptune Avenue, LLC did not have the funds to make the repairs and renovations nor to cover its outstanding debts.
The members were requested to vote by checking yes or no as to whether they wished: (1) to confirm Arthur Burns as manager of 363-367 Neptune Avenue, LLC, (2) to sell the land and building and fixtures located at 363-367 Neptune Avenue, LLC to a willing buyer, (3) to sell the land and buildings and then notify the New York Secretary of State of 363-367 Neptune Avenue, LLC’s dissolution, (4) to authorize the manager to sell the land and building and fixtures located at 363-367 Neptune Avenue, LLC at the highest and best price possible, and take any steps as may be necessary to do so, including but not limited to vacating all tenants from the property or its demolition, (5) to waive notice of the meeting, and (6) to waive an in-person meeting and consent to vote by written ballot.
The ballots reflect that Mary Ann Percaccio and Salvatore Neary (individually and also on behalf of the estate of Lucy Judice), Arthur Burns (on behalf of Grace Burns and the Grace J. Burns Trust and also on behalf of the estate of Lucy Judice), and Salvatore Judice (on behalf the estate of John E. Judice), voted yes to all of these proposals. Salvatore Benevento (on behalf of the estate of Julia J. Benevento) and Thomas Neary voted no to all of these proposals.
By letter dated April 21, 2009, the members of 363-367 Neptune Avenue, LLC were informed that on April 20, 2009, 73.3% of the membership had voted in favor of all proposals, and that 26.7% voted against all proposals. It further informed the members that as a result of the votes: (1) Arthur Burns was confirmed as the manager of 363-367 Neptune Avenue, LLC, (2) the land, building, and fixtures located at 363-367 Neptune Avenue would be sold to a willing buyer, (3) after the sale, the Secretary of State would be notified of 363-367 Neptune Avenue, LLC’s dissolution, and (4) Arthur Burns was authorized to sell the land, building, and fixtures located at 363-367 Neptune Avenue at the highest and best price possible, and to take any necessary steps to do so, including vacating all tenants from the property or its demolition.
A letter dated July 22, 2009 from Arthur Burns addressed to Salvatore Benevento stated that the members had voted in the *787 majority to cease operations, and that he was asking him to fully vacate his apartment by January 31, 2010. Arthur Burns further stated, in that letter, that all utilities at 367 Neptune Avenue would be terminated on February 1, 2010, and that no fuel would be purchased.
Subsequent to July 22, 2009, 363-367 Neptune Avenue, LLC has continued to accept Thomas Neary, Salvatore Benevento, and Carmel Salerno’s monthly rent payments, as evidenced by rent checks. Thomas Neary, Salvatore Benevento, and Carmel Salerno are presently current in their rent payments. 363-367 Neptune Avenue, LLC, however, has refused to send Thomas Neary, Salvatore Benevento, and Carmel Salerno renewal leases, as requested by them.[6]
On April 13, 2010, 363-367 Neptune Avenue, LLC filed this action against Thomas Neary, Salvatore Benevento, and Carmel Salerno, the estate of Julia J. Benevento, and the estate of John E. Judice, seeking an order requiring Thomas Neary, Salvatore Benevento, and Carmel Salerno to immediately vacate the premises, requiring the estate of Julia J. Benevento and John E. Judice to take any and all actions to remove their heirs immediately from the premises, and damages in the sum of $108,000 against Thomas Neary, in the sum of $216,000 against Salvatore Benevento and the estate of Julia J. Benevento, and $324,000 against Carmel Salerno and the estate of John E. Judice based upon their alleged unjust enrichment by remaining at the premises and failing to vacate. Thomas Neary, Salvatore Benevento, and Carmel Salerno have interposed an answer, which contains 14 affirmative defenses and four counterclaims.
Thomas Neary, Salvatore Benevento, and Carmel Salerno’s first counterclaim demands a judgment directing 363-367 Neptune Avenue, LLC to issue and deliver renewal leases to them in accordance with the Rent Stabilization Law of 1969 (Administrative Code § 26-501 et seq.). Thomas Neary, Salvatore Benevento, and Carmel Salerno’s second counterclaim seeks rescission of the Operating Agreement and conveyance of their respective ownership interests in the premises based upon alleged fraudulent inducement. Thomas Neary, Salvatore Benevento, and Carmel Salerno’s third counterclaim requests damages based upon 363-367 Neptune Avenue, LLC’s alleged fraud, deceit, breach of fiduciary duty, self-dealing, and waste. Thomas *788 Neary, Salvatore Benevento, and Carmel Salerno’s fourth counterclaim seeks an accounting. 363-367 Neptune Avenue, LLC has interposed a reply to the counterclaims.
Thomas Neary, Salvatore Benevento, and Carmel Salerno assert that on July 8, 2010, Arthur Burns resumed his alleged campaign of harassment against them. Specifically, Thomas Neary, Salvatore Benevento, and Carmel Salerno state that Arthur Burns had the fence, which surrounded the front of the premises and provided safety to the tenants of the building, torn down; that he tore down a tent/canopy that they always sat under and disturbed their patio furniture; that he threatened to empty the water in their pool in the backyard of the premises, tear down a shed and gate in the backyard, and board up all the windows; and that he has refused to make repairs to the building and maintain essential services in an effort to make the building uninhabitable so that they will be forced to vacate it.
In support of its order to show cause, 363-367 Neptune Avenue, LLC argues that this court should immediately order it the ultimate relief sought by it in its complaint of vacating Thomas Neary, Salvatore Benevento, and Carmel Salerno from their apartments. 363-367 Neptune Avenue, LLC contends that it is entitled to such vacatur based upon the vote of the majority of its members on April 20, 2009 in favor of dissolution and the winding up of its affairs. 363-367 Neptune Avenue, LLC asserts that it is deadlocked by the refusal of Thomas Neary, Salvatore Benevento, and Carmel Salerno to relocate, that it cannot function since it has too little income to cover its expenses, and that the rents paid by Thomas Neary, Salvatore Benevento, and Carmel Salerno do not suffice to pay for the expenses incurred by it.
363-367 Neptune Avenue, LLC argues that since the majority of its members voted for dissolution, it is entitled to dissolution pursuant to article XI, paragraph 11.1 of the Operating Agreement, entitled “Dissolution,” which states that “the Company shall be dissolved and its affairs shall be wound up upon . . . (b) The Majority Vote of the Members.” 363-367 Neptune Avenue, LLC also argues that the court is authorized to order its judicial dissolution pursuant to Limited Liability Company Law § 702 based upon the ground that it is not reasonably practicable for it to carry on its business in conformity with the Operating Agreement. 363-367 Neptune Avenue, LLC notes that its business, as stated by article II, paragraph 2.4 of the Operating Agreement, is that it was
*789 “formed for the purpose of engaging in any lawful act or activity for which limited liability companies may be formed under the [Limited Liability Company Law] and engaging in any and all activities necessary or incidental to the foregoing, including the ownership, management, leasing, [and] renting ... of [the] 363-367 Neptune Avenue [property].”
363-367 Neptune Avenue, LLC also contends it is entitled to sell and vacate the premises pursuant to the Operating Agreement. 363-367 Neptune Avenue, LLC relies upon article XI, paragraph 11.2 of the Operating Agreement, entitled “Winding Up,” which provides that “upon the dissolution of the Company the Manager(s) may, in the name of and for and on behalf of the Company . . . dispose of and convey the Company’s property, discharge the Company’s liabilities and distribute to the Members any remaining assets of the Company.” 363-367 Neptune Avenue, LLC further points to article III, paragraph 3.4 of the Operating Agreement, which provides that “[t]he Manager, with the prior written approval of a Majority Vote of all Members, shall have the right, to approve the leasing, renting, sale, change of use, ... or other disposition of all or part of the Real Property.”
363-367 Neptune Avenue, LLC argues that Thomas Neary, Salvatore Benevento, and Carmel Salerno are blocking the dissolution by their refusal to vacate and are thereby obtaining an unjust enrichment at its expense, and that they should be held personally liable for damages. However, while 363-367 Neptune Avenue, LLC argues, in its moving papers, that it is entitled to dissolution based upon the majority vote of its members and under the Limited Liability Company Law, 363-367 Neptune Avenue, LLC does not seek dissolution in its complaint, and its right to dissolve, by a majority vote, is not at issue in this action.[7] Moreover, 363-367 Neptune Avenue, LLC is free, upon dissolution, to sell the building. Such sale, though, is subject to Thomas Neary’s, Salvatore Benevento’s, and Carmel Salerno’s rent-stabilized tenancies.
Under the Rent Stabilization Code, as long as the tenant continues to pay the rent to which the owner is entitled, he or she cannot be denied a renewal lease or evicted except on one or more of the grounds specified in the Rent Stabilization Code (9 NYCRR 2524.1 [a]). The New York State Rent and Eviction Regulations further provide that
*790 “Mo long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from [his or her residential apartment] by action to evict or to recover possession, . . . nor shall any person attempt such removal or exclusion from possession, notwithstanding that such ten-antes] . . . lease . . . has expired . . . notwithstanding any contract ... or obligation heretofore or hereafter entered into which provides for surrender of possession, or which otherwise provides contrary hereto, except on one or more of the grounds specified in [9 NYCRR] 2104.2 ... or unless the landlord has obtained a certificate of eviction [from the DHCR] as [t]hereinafter provided” (9 NYCRR 2104.1 [a]).
It is undisputed that none of the grounds specified in 9 NYCRR 2104.2 is applicable herein. In addition, 363-367 Neptune Avenue, LLC has never served Thomas Neary, Salvatore Benevento, and Carmel Salerno with written notices of termination of their rent-stabilized leases as required by law (see 9 NYCRR 2524.2 [b]; Kaycee W. 113th St. Corp. v Diakoff, 160 AD2d 573, 573-574 [1990]). While with the DHCR’s consent, the owner may refuse to renew a lease under certain limited grounds, including withdrawal of the premises from the rental market and demolition (9 NYCRR 2524.5 [a] [1]), 363-367 Neptune Avenue, LLC has not complied with the requirements of 9 NYCRR 2524.5 or obtained approval or a certificate by the DHCR under this section authorizing it to refuse to renew Thomas Neary’s, Salvatore Benevento’s, and Carmel Salerno’s leases. It is also undisputed that 363-367 Neptune Avenue, LLC, after July 22, 2009, has continued to accept rent from Thomas Neary, Salvatore Benevento, and Carmel Salerno.[8]
The Rent Stabilization Code requires that landlords provide renewal leases requested by rent-stabilized tenants (9 NYCRR 2522.5 [b] [1]), and that every renewal lease must be offered on the same terms and conditions as the expired lease (9 NYCRR 2522.5 [g] [1]; see also Rosario v Diagonal Realty, LLC, 8 NY3d 755, 761 [2007], cert denied 552 US 1141 [2008]; Matter of 218 E. 85th St., LLC v Division of Hous. & Community Renewal, 23 *791 Misc 3d 557, 562 [Sup Ct, NY County 2009]; Kenmore Assoc., L.P. v Burke, 18 Misc 3d 1142[A], 2008 NY Slip Op 50407[U], *3 [Civ Ct, NY County 2008]; Vincenzi v Strong, 16 Misc 3d 1121[A], 2007 NY Slip Op 51534[U], *3 [Civ Ct, Bronx County 2007]). Under the Rent Stabilization Code, “[w]hen a landlord fails to provide a renewal lease, the expiring lease remains effective” (245 Realty Assoc. v Sussis, 243 AD2d 29, 34 [1998]; see also 9 NYCRR 2523.5 [d]; Kenmore Assoc., L.P., 18 Misc 3d 1142[A], 2008 NY Slip Op 50407[U], *3).
363-367 Neptune Avenue, LLC argues, however, that Thomas Neary, Salvatore Benevento, and Carmel Salerno are not rent-stabilized tenants because they are in possession of their apartments only pursuant to their membership in 363-367 Neptune Avenue, LLC. 363-367 Neptune Avenue, LLC notes that under Limited Liability Company Law § 601, “[a] membership interest in the limited liability company is personal property,” and “[a] member has no interest in specific property of the limited liability company.” 363-367 Neptune Avenue, LLC contends that, therefore, Thomas Neary, Salvatore Benevento, and Carmel Salerno cannot claim any legal interest in the premises as tenants. This contention, however, is devoid of merit since Thomas Neary, Salvatore Benevento, and Carmel Salerno were long-standing rent-stabilized tenants before 363-367 Neptune Avenue, LLC was even formed.
363-367 Neptune Avenue, LLC also argues that Thomas Neary, Salvatore Benevento, and Carmel Salerno have acted as owners of the property, and, as such, cannot be rent-stabilized tenants. However, there is nothing in the leases or the Operating Agreement between the parties to indicate an intention that the landlord-tenant relationship would merge or could not coexist with Thomas Neary’s, Salvatore Benevento’s, and Carmel Salerno’s inherited part ownership interests as tenants in common and, subsequently, Thomas Neary’s membership interest in 363-367 Neptune Avenue, LLC and Salvatore Benevento’s and Carmel Salerno’s interests in 363-367 Neptune Avenue, LLC by virtue of their interests in the estate of Julia J. Benevento and the estate of John J. Judice, respectively. In fact, the renewal leases and Raymond J. McRory, Esq.’s letter dated November 1, 2007 expressed an unequivocal intent that Thomas Neary, Salvatore Benevento, and Carmel Salerno would remain as rent-stabilized tenants. Thus, there was no termination of Thomas Neary’s, Salvatore Benevento’s, and Carmel Salerno’s interests in their leases as rent-stabilized tenants by virtue of *792 such interests in the property and in 363-367 Neptune Avenue (see generally Osborne v Moutafis, 7 Misc 3d 32, 32 [App Term, 2d Dept 2005]). The landlord-tenant relationship is not incompatible with these interests of Thomas Neary, Salvatore Benevento, and Carmel Salerno, and such interests did not operate as a surrender of their existing rent-stabilized leases and rights to their renewal.
Moreover, 363-367 Neptune Avenue, LLC ignores the fact that Thomas Neary, Salvatore Benevento, and Carmel Salerno were given renewal rent-stabilized leases after 363-367 Neptune Avenue, LLC was formed. Consequently, Thomas Neary’s mere membership status in 363-367 Neptune Avenue, LLC, and Carmel Salerno’s and Salvatore Benevento’s mere status as estate beneficiaries could not deprive them of their already accrued rights as rent-stabilized tenants. In fact, as noted above, Raymond J. McRory, Esq. acknowledged these rights in his November 1, 2007 letter, in which he stated that he was offering Thomas Neary, Salvatore Benevento, and Carmel Salerno renewal leases “pursuant to law.”
It is noted that in support of its motion seeking the vacatur of Thomas Neary, Salvatore Benevento, and Carmel Salerno, 363-367 Neptune Avenue, LLC has annexed a report of Andrew S. Braum, a consulting engineer, to support a claim by it that the premises is in a dangerous condition. However, Andrew S. Braum, in his report, conceded that the apartments in 367 Neptune Avenue were in good condition, and that the building at 367 Neptune Avenue seemed to be in much better condition, mechanically and cosmetically, than the building at 363 Neptune Avenue.
Thomas Neary, Salvatore Benevento, and Carmel Salerno assert that the conditions referred to by 363-367 Neptune Avenue, LLC are exaggerated and are the result of Arthur Burns’ deliberate refusal to maintain the premises in a blatant attempt to make them uninhabitable so that they would be forced to vacate their apartments. Thomas Neary, Salvatore Benevento, and Carmel Salerno assert that any financial loss was and is due to Arthur Burns’ mismanagement of the building. Moreover, there is no showing that substantial violations which constitute fire hazards or conditions dangerous or detrimental to the life or health of the tenants have been filed against the building by governmental agencies and, as previously noted, no approval was obtained by the DHCR in accordance with 9 NYCRR 2524.5 (a) (1) (ii) to deny renewal leases to Thomas Neary, Salvatore Benevento, and Carmel Salerno.
*793 363-367 Neptune Avenue, LLC further argues that Thomas Neary, Salvatore Benevento, and Carmel Salerno should be ordered to comply with the vote of the majority of its members at the meeting, which directed Arthur Burns to sell the premises for the highest and best price possible, and to take any steps as may be necessary to do so, including vacating all tenants from the property. 363-367 Neptune Avenue, LLC, however, cannot, by the simple expedient of a majority vote of its members, take an action to deprive Thomas Neary, Salvatore Benevento, and Carmel Salerno of rights to which they are legally entitled, as rent-stabilized tenants. While 363-367 Neptune Avenue, LLC may dissolve and sell the property pursuant to the majority vote of its members, it may not evict Thomas Neary, Salvatore Benevento, and Carmel Salerno and must sell the property subject to their rent-stabilized leases.
There is nothing prohibiting 363-367 Neptune Avenue, LLC from selling the property subject to Thomas Neary’s, Salvatore Benevento’s, and Carmel Salerno’s rights as rent-stabilized tenants, as is routinely done in countless real estate sales in New York City. Although parties may place a clause in a lease that in case of a contract of sale of the property the landlord can terminate the lease by giving a written notice to the tenant (see Hyman v Federal Doll Mfg. Co., 185 NYS 678, 679 [App Term, 1st Dept 1921]; Plaza Operating Partners v Maison Mendessolle, 144 Misc 2d 696, 697-698 [Civ Ct, NY County 1989]), there is no such clause reserving such a right of a cancellation on sale in the subject leases.
363-367 Neptune Avenue, LLC additionally argues that Thomas Neary, Salvatore Benevento, and Carmel Salerno consented to be bound by the terms and conditions of the Operating Agreement, and, therefore, to be bound by the majority vote on any matter, including its liquidation. This argument is rejected. As noted above, Salvatore Benevento and Carmel Salerno are not signatories to the Operating Agreement, and are not individual members of 363-367 Neptune Avenue, LLC. Furthermore, the Operating Agreement does not refer to the eviction of tenants upon dissolution or a winding up of 363-367 Neptune Avenue, LLC.
Thus, since 363-367 Neptune Avenue, LLC is unlawfully seeking to evict Thomas Neary, Salvatore Benevento, and Carmel Salerno in violation of the Rent Stabilization Law and Thomas Neary, Salvatore Benevento, and Carmel Salerno are entitled to renewal leases, they are entitled to summary judgment in their *794 favor of their first counterclaim. Additionally, it follows that 363-367 Neptune Avenue, LLC’s complaint seeking Thomas Neary’s, Salvatore Benevento’s, and Carmel Salerno’s immediate eviction and damages for unjust enrichment based upon their occupancy of the property fails to state a viable cause of action as a matter of law and must be dismissed (see CPLR 3212 [b]). In view of this holding, 363-367 Neptune Avenue, LLC’s order to show cause for the immediate ejectment of Thomas Neary, Salvatore Benevento, and Carmel Salerno must be denied, and 363-367 Neptune Avenue, LLC’s motion to dismiss the affirmative defenses and first counterclaim of Thomas Neary, Salvatore Benevento, and Carmel Salerno must be denied as moot.
Insofar as 363-367 Neptune Avenue, LLC seeks to dismiss Thomas Neary, Salvatore Benevento, and Carmel Salerno’s second counterclaim for rescission of the Operating Agreement, it is noted that (as discussed above) the original operating agreement was executed on November 10, 2006 and the Operating Agreement (as restated) has been in effect since November 1, 2007, which is well over two years since the commencement of this action (see generally Sitar v Sitar, 61 AD3d 739, 742 [2009]). It appears that Thomas Neary, Salvatore Benevento, and Carmel Salerno have ratified the Operating Agreement, rendering rescission an inappropriate remedy (see 22A NY Jur 2d, Contracts § 570). Moreover, Thomas Neary, Salvatore Benevento, and Carmel Salerno have only brought this counterclaim as against 363-367 Neptune Avenue, LLC, and have not joined the other signatories to the Operating Agreement (see Tudor v Riposanu, 93 AD2d 718 [1983]; 82 NY Jur 2d, Parties § 99). Therefore, dismissal of Thomas Neary, Salvatore Benevento, and Carmel Salerno’s second counterclaim is warranted.
Thomas Neary, Salvatore Benevento, and Carmel Salerno’s third counterclaim alleges a breach of fiduciary duty by Raymond J. McRory, Esq. However, Raymond J. McRory, Esq. is not a party to this action. While this counterclaim also alleges claims of fraud, self-dealing, and waste with respect to actions taken by Arthur Burns, Thomas Neary, Salvatore Benevento, and Carmel Salerno have not joined Arthur Burns, as the manager of 363-367 Neptune Avenue, LLC, as a defendant on this counterclaim (see Limited Liability Company Law § 409 [a]; compare Cottone v Selective Surfaces, Inc., 68 AD3d 1038, 1039 [2009]). Thus, this counterclaim must be dismissed.
363-367 Neptune Avenue, LLC’s motion, insofar as it seeks dismissal of Thomas Neary, Salvatore Benevento, and Carmel *795 Salerno’s fourth counterclaim, which seeks an accounting, must be denied. Thomas Neary is entitled to an accounting by reason of his status as a member of 363-367 Neptune Avenue, LLC (see Gottlieb v Northriver Trading Co. LLC, 58 AD3d 550, 551 [2009]; East Quogue Jet, LLC v East Quogue Members, LLC, 50 AD3d 1089, 1091 [2008]).
Thomas Neary, Salvatore Benevento, and Carmel Salerno’s motion, insofar as it seeks a preliminary injunction, is rendered moot by the disposition of this action. However, such motion must be granted insofar as it seeks an order directing 363-367 Neptune Avenue, LLC, as the landlord, to make repairs and maintain essential services on an ongoing basis and to take prompt steps to correct maintenance problems as they arise until such time as it sells the subject property, in accordance with the law (see 9 NYCRR 2520.6 [r]). Furthermore, 363-367 Neptune Avenue, LLC, pursuant to the Rent Stabilization Code, is prohibited by law from harassing Thomas Neary, Salvatore Benevento, and Carmel Salerno (see 9 NYCRR 2525.5). 9 NYCRR 2525.5 specifically provides that it is
“unlawful for any owner or any person acting on his or her behalf, directly or indirectly, to engage in any course of conduct (including but not limited to interruption or discontinuance of required services, or unwarranted or baseless court proceedings) which interferes with . . . the . . . quiet enjoyment of the tenant in his or her use or occupancy of [his or her apartment], or is intended to cause the tenant to vacate such [apartment] or waive any right afforded under th[e Rent Stabilization] Code.”
Accordingly, 363-367 Neptune Avenue, LLC’s motion for an order requiring Thomas Neary, Salvatore Benevento, and Carmel Salerno to vacate the subject premises is denied. 363-367 Neptune Avenue, LLC’s additional motion is denied insofar as it seeks to dismiss Thomas Neary, Salvatore Benevento, and Carmel Salerno’s first and fourth counterclaims, is granted insofar as it seeks to dismiss Thomas Neary, Salvatore Benevento, and Carmel Salerno’s second and third counterclaims, and is denied as moot insofar as it seeks to dismiss Thomas Neary, Salvatore Benevento, and Carmel Salerno’s affirmative defenses. In view of the dismissal of 363-367 Neptune Avenue, LLC’s complaint, Thomas Neary, Salvatore Benevento, and Carmel Salerno’s motion is rendered moot insofar as it seeks a preliminary injunction; however, 363-367 Neptune Avenue, LLC is directed to *796 make repairs and maintain essential services on an ongoing basis and to take prompt steps to correct maintenance problems as they arise in accordance with the Rent Stabilization Code, and to also refrain from harassing Thomas Neary, Salvatore Bene vento, and Carmel Salerno in compliance with the Rent Stabilization Code.

. By stipulation dated October 6, 2010, this action was discontinued without prejudice as against the estate of John E. Judice.

. The order to show cause contained a temporary restraining order for this relief, which remains in effect.

. Thomas Neary, Salvatore Benevento, and Carmel Salerno assert that they have requested copies of Carmel Salerno’s records from the DHCR.

. No registration was found to be filed with the DHCR for the subject property after that time.

. Anthony Bevent legally changed his name from Anthony Benevento.

. As noted above, Thomas Neary’s, Salvatore Benevento’s, and Carmel Salerno’s leases expired on January 31, 2010.

. This is not a dissolution proceeding brought pursuant to Limited Liability Company Law § 702 by a member of 363-367 Neptune Avenue, LLC.

. It is noted that a landlord’s acceptance of rent may be deemed to constitute a waiver of any alleged right to terminate the leases of tenants and to result in the renewal of such leases (see Timothy v Matison, 20 Misc 3d 1105[A], 2008 NY Slip Op 51226[U], *2 [Nassau Dist Ct 2008]; Greenwich Gardens Assoc. v Pitt, 126 Misc 2d 947, 955 [Nassau Dist Ct 1984]).