OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Paul J. Poutouves, as landlord, and Reginald C. Barrett, Jr. and Maria E. Barrett (occupants) entered into a written lease agreement, commencing on February 1, 2008 and ending on January 31, 2009. The lease contained a provision whereby occupants “shall at all times during the term of the lease have the option to purchase the premises for the price of $2,500,000 upon thirty (30) days written notice to landlord.” In June 2009, after Poutouves’ death and the expiration of the one-year lease term, Melissa Koppelman, as trustee of the Paul J. Poutouves revocable trust (petitioner), entered into a contract to sell the premises to occupants by short sale, conditioned upon the mortgage lender’s approval, at a purchase price of $790,000. Occupants paid a $5,000 down payment to petitioner’s attorney, which was deposited into his escrow account. Occupants had ceased paying rent during the term of the lease, and, even though there has been no closing, have remained in possession of the premises without paying rent. Petitioner commenced this holdover proceeding, seeking possession and a monetary award.
Occupants moved to dismiss the proceeding on the ground that there was no landlord-tenant relationship between the parties, as it had ceased to exist when they had exercised their option to purchase the premises and had become vendees in possession. Petitioner opposed the motion, contending that there was no intent to merge the landlord-tenant relationship into the vendor-vendee relationship. After a hearing, the Justice Court granted the motion to dismiss the petition on the ground that the landlord-tenant relationship had merged into the vendor-vendee relationship based upon the terms of the lease and execution of the contract of sale. We affirm on slightly different grounds.
*22 Where a tenant exercises an option to purchase contained in a lease, the relationship of landlord and tenant ceases and, absent an intent to the contrary, the tenant is a vendee in possession against whom the landlord cannot maintain a holdover proceeding (see Bullock v Cutting, 155 App Div 825 [1913]; see also Osborne v Moutafis, 7 Misc 3d 32 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). However, “an option to purchase contained in a lease is, unless expressly reaffirmed in a subsequent lease or extension thereof, only valid during the term of the original lease” (Galapo v Feinberg, 266 AD2d 150, 150-151 [1999] [citations omitted]). In the instant case, occupants did not exercise the option to purchase the premises “during the term of the lease.” Thus, the option did not survive the lease’s expiration (see Gulf Oil Corp. v Buram Realty Co., 11 NY2d 223, 226 [1962]; Matter of Lazarus v Flournoy, 28 AD2d 685 [1967]).
Once the term of the lease expired on January 31, 2009 and there was no rent paid thereafter by occupants, the landlord-tenant relationship ceased to exist. A holdover tenancy is not created by a tenant’s continued occupancy of the premises after the termination of a lease, where the tenant does not offer, and the landlord does not accept, any rental payments following the expiration of the lease (see 2955 Shell Assoc. v Kayani, 234 AD2d 287 [1996]; cf. Real Property Law § 232-c). Thus, when the parties executed the contract of sale, occupants, who were in possession of the premises, became vendees in possession. Since there was no landlord-tenant relationship between the parties while occupants were in possession of the premises following the expiration of the lease, at the time they entered into the purchase agreement and, thereafter, pending the closing of title (see Pinmor Realty Corp. v Baris Hotel Corp., 83 AD2d 847 [1981]; Petriski v Ward, 5 AD2d 950 [1958]; 1 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 4:3 at 174 [4th ed 1998]), petitioner was barred from commencing a holdover proceeding against them (see Jacobs v Andolina, 123 AD2d 835 [1986]; Barbarita v Shilling, 111 AD2d 200 [1985]; Osborne v Moutafis, 7 Misc 3d 32 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
We note that a summary proceeding could not have been maintained under RPAPL 713 (9) since the contract of sale, by its terms, was not one that was necessarily to be performed within 90 days.
In view of the foregoing determination, the remaining issues raised on appeal have been rendered academic.
*23 Accordingly, the order dismissing the petition is affirmed. We note that our determination is without prejudice to petitioner’s commencement of an ejectment action (see 2955 Shell Assoc., 234 AD2d 287 [ejectment action proper where no holdover tenancy was created following the expiration of a lease]).
Garguilo, J.P., Marano and Connolly, JJ., concur.