Rosenberg v Rosenberg (2020 NY Slip Op 07515)





Rosenberg v Rosenberg


2020 NY Slip Op 07515


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 655144/18 Appeal No. 12640N Case No. 2020-01817 

[*1]Michael Rosenberg, Plaintiff-Appellant,
v
Aron Rosenberg, et al, Defendants-Respondents.


The Abramson Law Group, PLLC, New York (Howard Wintner of counsel), for appellants.
Jacobowitz Newman Tversky LLP, Cedarhurst (Abraham S. Beinhorn of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 21, 2020, which, to the extent appealed from, granted plaintiff's motion to compel discovery and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Contrary to defendants' argument that the claims for breach of contract, breach of fiduciary duty, an accounting, and injunctive relief are derivative, the motion court correctly determined that plaintiff seeks redress for injury to himself individually (see Yudell v Gilbert, 99 AD3d 108, 113-114 [1st Dept 2012]). The complaint alleges that defendant Aron Rosenberg, as managing member of defendant companies, ceased making distributions to plaintiff, thereby breaching a duty he owed to plaintiff independent of the duties he owed to the companies (see Venizelos v Oceania Mar. Agency, 268 AD2d 291 [1st Dept 2000]). The court also correctly determined that plaintiff had standing in his individual capacity to assert a cause of action for an accounting (Gottlieb v Northriver Trading Co. LLC, 58 AD3d 550, 551 [1st Dept 2009]).
Contrary to defendants' argument that the court should have dismissed plaintiff's causes of action for inspection of books and records because defendants fulfilled their obligations under Limited Liability Company Law § 1102 during discovery defendants failed conclusively to show that they have produced all required documents. Further, defendants failed to show that information for the years immediately before the alleged freeze-out is not relevant or that that they will be prejudiced by the production ordered by the court.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020