Gurney-Goldman v Sol Goldman Invs. LLC (2025 NY Slip Op 00722)

Gurney-Goldman v Sol Goldman Invs. LLC

2025 NY Slip Op 00722

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 655549/23 Appeal No. 3633 Case No. 2024-5720 

[*1]Steven Gurney-Goldman et al., Plaintiffs-Appellants,
v
Sol Goldman Investments LLC, Defendant-Respondent.

Holland & Knight LLP, New York (Mitchell J. Geller and Jasmine S. Chean of counsel), for appellants.
Elsberg Baker & Maruri PLLC, New York (David Elsberg of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered August 13, 2024, which granted defendant Sol Goldman Investments, LLC's (defendant LLC) motion to dismiss plaintiffs' first, fourth, and fifth causes of action against it for breach of contract, inspection of books and records, and for an accounting, unanimously modified, on the law, to deny the motion as to that part of the claim for inspection of books and records as provided for under Limited Liability Company Law § 1102, and the claim for an accounting, and otherwise affirmed, without costs.
Contrary to defendant LLC's assertion, the fact that plaintiffs filed a second amended complaint does not render this appeal moot. Plaintiffs' appeal concerns claims against defendant LLC that have now been completely dismissed from the action (see Velez v Feinstein, 87 AD2d 309, 313 [1st Dept 1982], lv dismissed in part and denied in part 57 NY2d 737 [1982]).
Plaintiffs' first cause of action for breach of contract against defendant LLC was properly dismissed. Defendant LLC is not bound by its operating agreement, as it is a manager-managed LLC, and it was not a signatory to that agreement (see Matter of Wythe Berry LLC v Goldman, 230 AD3d 1081, 1082-1083 [1st Dept 2024]). Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails for the same reason (see Randall's Island Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 463-464 [1st Dept 2012] [recognizing that an implied covenant of good faith and fair dealing claim could not be sustained against a non-signatory]). Nor does Limited Liability Company Law § 610 create any independent rights against defendant LLC.
Contrary to plaintiffs' assertion, the fact that defendant LLC was managed, opened bank accounts, or otherwise was operated in accordance with the operating agreement does not stop it from claiming that it is not bound by that agreement. Tarazi v Truehope Inc. (2017 US Dist LEXIS 120155, *22, 2017 WL 5957665, *8 [SD NY, July 28, 2017, 13 Civ 1024, 1038 (LAK) (JCF)]) is distinguishable. In that case, because the member of the LLC asserted derivative claims that arose in part from the operating agreement, the LLC could not avoid arbitration of claims under that agreement.
Plaintiffs are entitled to inspection of books and records as provided for in Limited Liability Company Law § 1102. Plaintiffs are also entitled to an equitable accounting (see Gottlieb v Northriver Trading Co. LLC, 58 AD3d 550, 551 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025